**STATE of Minnesota, Respondent,**

**v.**

**Danny Kwomi BARNES, Appellant.**

**No. 81–600.**

Supreme Court of Minnesota.

Dec. 3, 1981.

Stephen W. Cooper, Neighborhood Justice Center, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven De-Coster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Justice.

This is a sentencing appeal. Defendant was convicted by a district court jury of possession of cocaine, a felony that carries a maximum prison term of 5 years, and possession of a pistol without a permit, a gross misdemeanor that carries a maximum term of 1 year. Defendant, age 23, has a criminal history score of two (one point based on prior misdemeanor and gross misdemeanor convictions [1] and one point because defendant was under custody supervision when he committed the charged offenses) and the more serious of the two offenses of which he was convicted is a severity level one (least serious) offense. The presumptive sentence was 1 year and 1 day, stayed. The presentence investigation report recommended a sentence of 1 year and 1 day, with execution stayed for 5 years with the first year of probation to be served in the workhouse. The trial court departed, sentencing defendant to 36 months at Stillwater, where defendant is presently confined.[2] This appeal followed, with defendant challenging only the increased length, not the execution of the sentence.

---

1. Specifically, defendant was convicted in 1975 of disorderly conduct, in 1976 of simple assault and later prostitution, and in 1980 of possession of a pistol without a permit.

2. For a severity level one offense this was a significant departure because even if defendant had had a criminal history score of six or more, rather than two, the presumptive term would have been only 24 months with a stay also being presumed. For a criminal history score of three, the presumptive length would have been 15 months; for four, 18 months; for five, 21 months.

The nonexclusive list of aggravating factors approved by the Sentencing Guidelines Commission is as follows: (1) the victim was "particularly vulnerable" and this was or should have been known to the offender, (2) the victim was treated with "particular cruelty," (3) the current conviction is for an offense in which the victim was injured and the defendant has a prior felony conviction for an offense involving injury of the victim, (4) the offense was a "major economic offense," and (5) the offense was a "major controlled substance offense." Minnesota Sentencing Guidelines and Commentary, II. D.2.b. (1980). The last factor was recently added to the list by the Commission, effective August 1, 1981. None of these factors was present here. The issue therefore is whether any of the factors of the case justifies departure even though not a listed factor.

(a) One factor cited by the court in its report in support of departure was that defendant "appears to the court to be a man who lives outside of the law." In support of this the court stated that defendant was convicted of prostitution when he was 19 and that "there is strong evidence that he is presently in that business in more than one state." The court also emphasized the seriousness of the offenses of which defendant was convicted and added that defendant continued to drive even though he had no driver's license.

The court's statement that defendant was convicted of prostitution when he was 19 is true but that fact was already taken into account in determining defendant's criminal history score.

The court's statement that defendant was still involved in prostitution must have been based on the information in the presentence investigation report that defendant was employed at a so-called adult relaxation center and that he had been seen by vice-squad officers in an area of St. Paul where a number of prostitution arrests had been made. While the court's conclusion may be correct, the evidence supporting the conclusion cannot be termed strong. In any event, even if the evidence could be deemed strong, that alone would not justify the tacking on of an additional 24 months because it is clear that even if defendant had had an actual prior *felony* conviction for a prostitution-related offense, that would only add one point to his criminal history score and 3 months to his presumptive sentence.

As for the offenses of which defendant was convicted, their degree of seriousness was already taken into account by the Sentencing Guidelines Commission in determining the presumptive sentence.

And the conduct of driving without a license, although admitted by defendant and unlawful, certainly does not justify the departure.

(b) Other factors cited by the trial court —defendant's failure to cooperate with his probation agent in another county and his rejection of the opportunity to participate in a probationary treatment program—relate only to the nonamenability of defendant to probation. Defendant does not challenge the court's refusal to grant probation.

(c) Next the court cited its "observation of the defendant's demeanor in the courtroom, his statements and apparent lack of candor in the presentence report, his background, and the nature of these offenses." This justification for departure is too vague to be of use to a reviewing court. While there was some suggestion by the agent who prepared the presentence investigation report that defendant had been untruthful about his employment, a close analysis of this suggestion reveals that while defendant may have been hoping to conceal the fact that he worked at an adult relaxation center, he was truthful about the name of the company which employed him and the address of his place of employment.

(d) Finally, the court stated that defendant was in great need of rehabilitative treatment and that the community did not have adequate facilities to provide that treatment. This also is the kind of general statement which, if sufficient to justify departure, could be used to justify departure in almost every case.

As the trial court noted, two loaded pistols were found in defendant's automobile at the time of his arrest and he was on probation for a prior conviction for possession of a pistol without a permit. However, the discovery of the pistols provided the basis for another charge of possession without a permit and defendant was found guilty of the offense.

We believe it would be unfair to try to justify the departure on the basis of the police reports suggesting that defendant maybe could have been convicted of violent crimes in two other instances if the alleged victims had not changed their stories. The fact is both sets of charges were dismissed because the alleged victims changed their stories. If the state has evidence that defendant tampered with the victims, the state should charge defendant.

Because our examination of the record fails to reveal the presence of any "substantial and compelling circumstances" that would justify the 24-month increase in the length of sentence, we reduce the length of defendant's sentence to that adopted by the Sentencing Guidelines Commission of 1 year and 1 day.

Affirmed as modified.

YETKA, Justice (dissenting).

I would affirm the sentence imposed by the trial judge subject to the limitation set forth in *State v. Evans*, 311 N.W.2d 481 (Minn.1981). The Sentencing Guidelines specifically provide that a judge may depart from the grid for a case involving "substantial and compelling circumstances." Minnesota Sentencing Guidelines and Commentary, I.4. & II.D. (1980). I would hold that such circumstances exist here.

Prior to the new Guidelines, the sentencing judge had great latitude in considering a convicted person's past, including the person's overall conduct, prior convictions, and information collected in a presentencing report. I do not believe that the legislature intended to limit a judge to considering only prior convictions. Here, the trial judge was in a unique position to review the defendant's entire record and to decide whether a tougher sentence should be imposed. Below, I have set forth in full the trial court's reasons for departure. I believe they are more than sufficient to justify the sentence.

This defendant appears to the Court to be a man who lives outside of the law. He was 19 years of age when convicted for engaging in prostitution, and there is strong evidence that he is presently in that business in more than one state. Although on probation for possession of a pistol without a permit, the defendant had two loaded guns in his 1976 Cadillac at the time of his arrest, in addition to the cocaine found in several locations in the vehicle. He has had no valid driver's license since July, 1980 and yet by his own admission continues to drive in Minnesota and elsewhere.

The defendant has rejected the Court's attempt to have him participate in the program at Bremer House as an alternative to a prison sentence. The Court is informed that he has had no contact with any probation officer in Hennepin County or in the State of Iowa since his sentence in Hennepin County in October, 1980 for possession of a pistol without a permit. It would therefore appear that any probation in this case would be meaningless to the defendant.

Based upon the Court's observation of the defendant's demeanor in the courtroom, his statements and apparent lack of candor in the presentence report, his background, and the nature of these offenses, in the opinion of the Court there are substantial and compelling circumstances which required the Court to depart from the sentencing guidelines.

The defendant is in great need of rehabilitative treatment, but there are no adequate facilities in the community for his particular case. Under these compelling circumstances a prison sentence must be imposed by the Court for the protection of the public for sufficient time to allow rehabilitation and change in the defendant.