**STATE of Minnesota, Respondent,**

v.

**Barry A. BRIGGER, Appellant.**

**No. 81–1083.**

Supreme Court of Minnesota.

Feb. 24, 1982.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Vernon E. Bergstrom, Asst. County Atty., Minneapolis, for respondent.

---

AMDAHL, Chief Justice.

This is a sentencing appeal by a compulsive check forger whose latest conviction, based on a straight guilty plea, is for aggravated forgery-uttering ($150 to $2,500), Minn.Stat. § 609.625 (1980), a severity level II offense. The presumptive sentence established by the Sentencing Guidelines for an offense of this severity level by one with defendant's criminal history score (five) is a stayed term of 23 months in prison. The trial court departed from the presumptive sentence in two ways: first, it ordered defendant, who was already in prison on a revocation of parole, committed to prison; second, it increased the duration of defendant's prison term from 23 months to 36 months. On appeal, defendant contends that the double departure was not justified by aggravating circumstances or, alternatively, that the scope of departure was excessive. We affirm both the dispositional and durational departure but reduce defendant's sentence from 36 months to 30 months.

■ We hold that the dispositional departure was justified by defendant's demonstrated unamenability to probation. *State v. Rott*, 313 N.W.2d 574 (Minn.1981).

Durational departure was justified because defendant's offense was a major economic offense, which is identified by the Guidelines as "an illegal act or series of illegal acts committed by other than physical means and by concealment or guile to obtain money or property, to avoid payment or loss of money or property, or to obtain business or professional advantage." Minnesota Sentencing Guidelines and Commentary, II.D.2.b.(4) (1980). The presence of two or more of the following circumstances are aggravating factors with respect to the defense:

(a) the offense involved multiple victims or multiple incidents per victim;

(b) the offense involved an attempted or actual monetary loss substantially greater than the usual offense or sub-stantially greater than the minimum loss specified in the statutes;

(c) the offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;

(d) the defendant used his or her position or status to facilitate the commission of the offense, including positions of trust, confidence, or fiduciary relationships; or

(e) the defendant has been involved in other conduct similar to the current offense as evidenced by the findings of civil or administrative law proceedings or the imposition of professional sanctions.

*Id.* Here there were "multiple victims or multiple incidents per victim" and the total amount obtained in the underlying course of conduct was $3,650, which is substantially greater than the $150 minimum for defendant's conviction. *State v. Rott*, 313 N.W.2d 574 (Minn.1981).

■ Although an increase in the length of sentence was justified, we believe that the 36-month term must be reduced to 30 months because the grounds for the 6-month addition were not a proper basis for departure from the Guidelines. The court, in sentencing, stated:

I indicated in chambers to counsel in this matter and also to the probation officer that I think when you have got a total criminal history points of "5", that what I am going to do when I get all through here is to give you six months for each of those "5" points which makes it a total of thirty months. In your particular situation, I am going to give you thirty-six months because I know you have done approximately six months in jail awaiting sentence in this particular case.

An increase in sentence imposed to negate the effect of credit to which a defendant is entitled under III.C. for time spent in jail is not warranted.

Affirmed as modified.