**STATE of Minnesota, Respondent,**

v.

**Ernest A. BRUSVEN, Appellant.**

**No. 82–706.**

Supreme Court of Minnesota.

Dec. 30, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and Marvin J. Green, Sp. Asst. Atty. Gen., St. Paul, James A. LaVoie, County Atty., Milaca, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal. The defendant, who is now 29, pleaded guilty to intrafamilial sexual abuse in the first degree, Minn.Stat. § 609.3641, subd. 1(2)(e) (Supp. 1981) (having a familial relationship to, and engaging in sexual penetration with, a child, with the sexual abuse involving multiple acts committed over an extended period of time). The presumptive sentence for this offense (severity level VIII) by a person with defendant's criminal history score (zero) is 43 (41–45) months in prison. The trial court denied a defense motion that he depart dispositionally and place defendant on probation; the court granted the state's motion to depart durationally, imposing a 63-month term. We affirm the refusal to depart dispositionally but reduce defendant's sentence duration from 63 months to 45 months, the maximum permitted by the Guidelines in this case without departure.

While receiving medical treatment, defendant admitted certain sexual misconduct involving children. Police were notified and talked with defendant, who readily admitted the misconduct.

Defendant was originally charged with two counts of criminal sexual conduct in the first degree and three counts of criminal sexual conduct in the second degree based on acts involving these children. Subsequently, while defendant was voluntarily participating in a treatment program, his attorney negotiated an agreement whereby defendant would plead guilty to a substituted complaint charging him with intrafamilial sexual abuse in the first degree. That count was based on defendant's engaging in sexual misconduct with one child over an extended period of time. The trial court accepted defendant's plea.

Based on a medical report that defendant had a better than average chance of succeeding in treatment and on the fact that the misconduct was brought to light by defendant, defense counsel moved for a dispositional departure, with defendant being placed on probation and with probation conditioned on defendant receiving treatment.

The trial court, while giving defendant credit for turning himself in, denied the defense motion and departed durationally from the 43 (41–45) month presumptive term, imposing a 63-month term.

Issues on appeal are whether the trial court was justified in (1) denying the defendant's motion to depart dispositionally and in (2) granting the state's motion to depart durationally.

■ 1.  The argument in favor of a dispositional departure was that defendant, because of his coming forward and admitting the misconduct and because of his obvious feelings of guilt and his desire to succeed in treatment, is particularly amenable to treatment in a probationary setting. *State v. Trog,* 323 N.W.2d 28 (Minn.1982); *State v. Wright,* 310 N.W.2d 461 (Minn. 1981).  We have indicated in other cases that generally we will not interfere with the sentencing court's refusal to depart from the presumptive sentence. *State v. Kraft,* 326 N.W.2d 840 (Minn.1982); *State v. Kindem,* 313 N.W.2d 6 (Minn.1981).  We agree with the state that this is not a case which warrants a reversal of the refusal to depart dispositionally.

2.  We agree with defendant that aggravating circumstances which would justify the durational departure were not present.

■ Ordinarily, it is inappropriate for the sentencing court to use as a basis for departure the same facts which are relied upon in determining the presumptive sentence. Thus, if the youth of the victim is a factor in determining the degree of the defendant's guilt, then that fact plays a role in determining the offense severity level and ultimately in determining the presumptive sentence; in such a situation, it is generally

unfair to consider the youth of the victim a second time in determining whether or not to depart. *State v. Luna,* 320 N.W.2d 87 (Minn.1982); *State v. Martinez,* 319 N.W.2d 699 (Minn.1982).  Similarly, because the defendant's criminal history is considered in determining the presumptive sentence, it generally would be unfair to consider that criminal history again in determining whether or not to depart, especially durationally. *State v. Erickson,* 313 N.W.2d 16 (Minn.1981); *State v. Barnes,* 313 N.W.2d 1 (Minn.1981).

■ In this case the trial court relied in part on the fact that defendant committed multiple acts of sexual misconduct with the victim.  However, that fact was considered by the legislature in determining the elements of intrafamilial sexual abuse in the first degree and cannot be relied upon again as a basis for departure.

The victim's age was also relied upon by the trial court as support for the court's conclusion that the victim was particularly vulnerable.  Again, however, the victim's age was considered by the legislature in distinguishing intrafamilial sexual abuse in the first degree from intrafamilial sexual abuse in the third degree.

The trial court's reliance on the evidence that defendant also committed acts of sexual misconduct with other children is unfair.  Charges against defendant based on that misconduct were dropped in exchange for defendant's agreeing to plead guilty to the substituted charge of intrafamilial sexual abuse in the first degree involving the victim.  It is one thing to rely on the facts underlying a particular offense as a basis for concluding that the offense of which the defendant was convicted was committed in a particularly cruel way.  However, the sentencing court in effect relied on other offenses with which defendant was not any longer charged and of which he was not convicted. *State v. Hagen,* 317 N.W.2d 701 (Minn.1982); *State v. Barnes,* 313 N.W.2d 1 (Minn.1981).  Further, when the court ordered defendant to answer the prosecutor's questions at the guilty plea hearing concerning the other children, the court implied

that defendant's answers would not be used against him, and yet the court did use the answers against defendant in sentencing him.

The fact that defendant was sexually abused as a child was relied upon as a basis for the conclusion that it was more improper for defendant to commit the acts than it would have been for some other man to commit them. The fact that defendant himself was sexually abused as a child is a social factor that cannot be relied upon as a ground for departing. *See* Minnesota Sentencing Guidelines and Commentary, II.D. 1.d. (1982).

Other factors relied upon by the trial court also fail to justify the departure.

In its brief the state adds a new argument that defendant's misconduct was "particularly perverse." We agree that the misconduct was "particularly perverse" but every form of sexual misconduct that would justify a conviction of intrafamilial sexual abuse in the first degree is arguably "particularly perverse."

In summary, we conclude that the factors relied upon by the trial court as a basis for the limited durational departure primarily are factors which were already relied upon in determining the presumptive sentence and we therefore conclude that it was unfair for the trial court in effect to rely upon them a second time as a basis for the durational departure.

Defendant's sentence is reduced from 63 months to 45 months, the maximum permitted by the Sentencing Guidelines in this case without departure.

Affirmed as modified.