**STATE of Minnesota, Respondent,**

v.

**David Zane DIETZ, Appellant.**

**No. CO–83–384.**

Supreme Court of Minnesota.

Feb. 17, 1984.

C. Paul Jones, State Public Defender by Mary C.L. Cade, Asst. State Public Defender, Minneapolis, for appellant.

Hubert Humphrey, III, Atty. Gen., St. Paul, Bruce Gross, Cottonwood County Atty., Windom, for respondent.

AMDAHL, Chief Justice.

This is an appeal from judgment of conviction entered pursuant to defendant's guilty pleas to three separate counts of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(a) (1982) (sexual penetration of a child under 13 by one more than 36 months older). The sole issue on appeal is whether the trial court erred in departing from the presumptive sentence. Criminal sexual conduct in the first degree

is a severity level VIII offense. Under the Guidelines concurrent sentencing is presumed for multiple convictions of criminal sexual conduct involving the same victim within the family context. *State v. Wellman*, 341 N.W.2d 561 (Minn.1983). In other words, use of consecutive sentencing in such a situation constitutes a departure requiring justification. Defendant had no criminal history score based on any prior convictions but could have been assigned a criminal history score of two if the court had decided to sentence him concurrently using the so-called *Hernandez* method. This would have resulted in a presumptive sentence of 65 (60–70) months, executed. But since the court decided against sentencing defendant concurrently, the court could not use the *Hernandez* method in computing defendant's criminal history score but had to figure defendant's presumptive sentence duration using a zero criminal history score. *State v. Moore*, 340 N.W.2d 671 (Minn.1983). The court, in this manner, determined that defendant's presumptive sentence was 43 (41–45) months in prison, executed. Departing as to consecutive service, the court sentenced defendant to consecutive 45-month prison terms or a total of 135 months in prison.

Defendant was originally charged, in Cottonwood County, with five counts of criminal sexual conduct in the first degree under section 609.342(a). Pursuant to a plea agreement, he was permitted to plead guilty to three of the counts in exchange for promises that the other two counts would be dismissed, that he would be sent to St. Peter for a presentence examination, and that Redwood County authorities would not prosecute him for similar acts that he committed against the victim when the family was residing there. Defendant stated that one of the reasons he was pleading guilty was to spare the victim the need for testifying.

■ Most of the factors relied upon by the trial court in departing as to consecutive service are factors that cannot be relied upon to support a durational departure or one with respect to consecutive service.

These factors were: defendant's alleged willingness to try to place part of the blame for what happened on others, including the victim; defendant's claim that he showed the victim love and attention; defendant's alleged inability to control himself in his relationships with women; defendant's alleged failure to recognize the harm that he was inflicting on the victim; and defendant's lack of remorse. These are the sort of factors that would bear on a decision whether to depart dispositionally but that do not bear on a decision whether to depart durationally or with respect to consecutive service. *State v. Heywood*, 338 N.W.2d 243, 244 (Minn.1983) (factors bearing on durational departures or departures with respect to consecutive service focus primarily on the degree of a defendant's culpability, whereas in considering dispositional departures courts may focus more on the defendant as an individual); *State v. King*, 337 N.W.2d 674 (Minn.1983) (social and financial factors may not be considered as reasons for a durational departure or one with respect to consecutive service, but occasionally they bear on a decision whether or not to grant a dispositional departure); *State v. Schmit*, 329 N.W.2d 56, 58 n. 1 (Minn.1983) (defendant's lack of remorse and trial court's belief that a stiffer sentence was needed to deter defendant and others are not factors justifying a durational departure or one with respect to consecutive service); *State v. Gardner*, 328 N.W.2d 159, 162 (Minn.1983) (defendant's chemical dependency problem and his dangerousness are not the sort of factors which can be relied upon as justifying a durational departure); *State v. Trog*, 323 N.W.2d 28, 31 (Minn.1982) (a defendant's remorse and attitude in court are relevant factors in deciding whether to depart dispositionally).

■ Another factor relied upon by the court was the fact that the sexual acts were "cruel and crude and demeaning." In *State v. Brusven*, 327 N.W.2d 591 (Minn. 1982), the state tried to justify a durational departure from the presumptive sentence for intrafamilial sexual abuse in the first

degree in part on the ground that the defendant's conduct was "particularly perverse." We stated that the defendant's misconduct was "particularly perverse" but added that "every form of sexual misconduct that would justify a conviction of intrafamilial sexual abuse in the first degree is arguably 'particularly perverse.'" 327 N.W.2d at 594. We have indicated in a number of cases that subjecting the victim to multiple types of penetration can be considered in determining whether there are aggravating circumstances present justifying a durational departure or one with respect to consecutive service. *See, e.g., State v. Van Gorden*, 326 N.W.2d 633 (Minn.1982). In this case, defendant pleaded guilty only to counts alleging vaginal penetration (it appears that the state's brief, in stating otherwise, is in error), but he apparently admitted when he was talking to police that he had subjected the victim to multiple types of penetration. We believe that the court properly could consider the underlying course of conduct in determining whether to depart durationally or with respect to consecutive service. *State v. Cox*, 343 N.W.2d 641 (Minn.1984). Under the principles discussed in *Cox*, the court properly considered the fact that defendant's conduct was part of an ongoing course of conduct involving multiple types of penetration.

■ Whether the court also could rely on the fact that the conduct had been going on for a long time is a separate issue. The court clearly was justified in reaching the conclusion that the conduct had been going on for a long time, but it is less clear that the ongoing nature of the conduct should constitute an independent ground for departure. Defendant's argument in this respect is that if he had been charged with intrafamilial sexual abuse in the first degree under section 609.3641, his presumptive sentence would have been 43 (41–45) months regardless of how long the conduct had been going on. *See State v. Brusven*, 327 N.W.2d 591 (Minn.1982) (fact that defendant committed multiple acts of sexual misconduct with the same victim cannot be relied upon as the basis of a durational

departure in a case of intrafamilial sexual abuse in the first degree because that fact was considered by the legislature in determining the elements of intrafamilial sexual abuse in the first degree). Defendant argues basically that the prosecutor should not be able to subject a defendant to a longer sentence simply by charging him under section 609.342 rather than section 609.3641. Our opinion in *State v. Wellman*, 341 N.W.2d 561 (Minn.1983), bears on this issue. Our decision there makes it clear that in the context of multiple acts of abuse of a single family member, use of consecutive sentencing constitutes a departure. As the Commission states in Minnesota Sentencing Guidelines and Commentary, II.F.06 (1984), "Permissive consecutive sentences [in this context] would result in enormous disparity based on varying charging practices of prosecutors and discretionary judicial decisions." Thus, ordinarily at least, there must be more than just an ongoing course of sexual abuse of a single family member to justify a durational departure or one with respect to consecutive service. Here, the length of time before the abuse surfaced was arguably typical of incest cases in general.

The final and apparently main factor relied upon by the trial court was the fact that the victim was not just a 9-year-old girl but was the defendant's stepchild and, as such, was a captive victim. This, of course, is true in all cases of sexual abuse of a single family member by a parent or stepparent.

■ In the final analysis, the issue is whether, making a qualitative assessment of all the facts, it may be said that defendant's conduct was sufficiently different in degree to justify a departure with respect to consecutive service. Making a qualitative assessment of all the facts, including the age of the victim, the context of the misconduct, the length of the misconduct, and the fact that the misconduct consisted of multiple types of penetration, we believe that the trial court did not err in concluding that aggravating circumstances justifying

a departure as to consecutive service were present.

Affirmed.