**STATE of Minnesota, Respondent,**

v.

**Brian Eugene AHERN, Appellant.**

No. C8–83–1993.

Court of Appeals of Minnesota.

May 22, 1984.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Daniel Birkholz, Watonwan County Atty., St. James, C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a conviction of Intrafamilial Sexual Abuse in the first and second degrees. Minn.Stat. § 609.3641, subd. 1(2)(a), (d), (e), § 609.3642, subd. 1(2)(a), (e) (1983). Appellant Brian Eugene Ahern was charged with two counts of first degree Intrafamilial Sexual Abuse and three counts of second degree Intrafamilial Sexual Abuse. He pled guilty to one count of first degree and one count of second degree Intrafamilial Sexual Abuse.

According to the Minnesota sentencing guidelines the presumptive sentence would be forty-three months executed for the first degree count, and a concurrent sentence of thirty-two months executed for the second degree count. The trial court doubled the length of the presumptive sentences, sentencing the defendant to concurrent terms of eighty-six and sixty-four months. Defendant appeals from this durational departure. We affirm.

## FACTS

Appellant Ahern was twenty years old at the time he sexually abused his nine-year

old stepdaughter. He was charged with two counts of first degree Intrafamilial Sexual Abuse by sexually penetrating her, using coercion, on February 21, 1983, and with second degree Intrafamilial Sexual Abuse by engaging in sexual contact with her on March 1, 1983. The February 21, coercion included stories about devil worship. She suffered vaginal tears and bleeding, causing her difficulty in walking. During the assault, Ahern stuffed a towel in her mouth to stop her screaming.

The March 1, 1983, contact involved Ahern drawing devil images and obscene language on the girl's breasts, inner thighs and vaginal area, telling her they would have sexual intercourse later, and she must say it was good.

Appellant admitted in a statement to the police to sexual conduct with his stepdaughter on eight to ten occasions. At first he ejaculated on her either between her legs or in her mouth, later penetrating her vagina with his finger, and finally, on February 21, penetrating her with his penis. The stepdaughter told the police that Ahern, after the February 21 event, threatened to kill her if she told anyone, either before or after he went to jail. He penetrated her again on February 22, causing worse pain and bleeding.

Following pleas, the trial court ordered a pre-sentence investigation and psychiatric examination. The St. Peter State Hospital recommended Ahern not be considered a candidate for the Intensive Treatment Program for Sexual Aggressives (ITPSA). The report indicated Ahern was a high risk to reoffend and did not show any sincere motivation to change his behavior. It recommended chemical dependency treatment and an opportunity to work on his sexual assaultiveness when he begins the transition from custody environment to the community.

The trial court sentenced appellant to the custody of the Commissioner of Corrections for concurrent terms of eighty-six and sixty-four months, double the presumptive duration.

## ISSUE

1. Did the trial court abuse its discretion in doubling the duration of the presumptive sentence.

## ANALYSIS

### I

The Minnesota Sentencing Guidelines set forth nonexclusive lists of factors that may or may not be used in sentencing departures. Minnesota Sentencing Guidelines and Commentary, II.D. Factors taken into account by the legislature in determining the elements or degree of the crime may not be considered. Each case is to be considered on its own, with the court making a qualitative assessment of all the facts to determine if the defendant's conduct was sufficiently different from that typically involved in the commission of the crime in question so as to justify a departure. *State v. Dietz*, 344 N.W.2d 386 (Minn.1984); *State v. Cermak*, 344 N.W.2d 833 (Minn. 1984).

The trial court's reasons for departure and our response is as follows:

1. "Defendant has a prior rape conviction (as a juvenile) and was involved in other similar acts with this victim but was not charged." An impermissible departure. The prior rape was a juvenile conviction, not a felony permitting departure under Guideline II.D.2.b.(3), and therefore not properly an aggravating factor. It is also improper to consider possible crimes for which the defendant was not charged. *State v. Peterson*, 329 N.W.2d 58 (Minn.1983), *State v. Chase*, 343 N.W.2d 695 (Minn.App.1984).

2. "Defendant subjected the nine-year-old stepdaughter to every form of sexual abuse on at least seven occasions and over an extended period of time." This is a permissible aggravating factor showing particular cruelty toward the victim under Guideline II.D.2.b(1), (2). *Dietz*, 344 N.W.2d at 389; *State v. VanGorden*, 326 N.W.2d 633 (Minn.1982).

3. "The child was brutalized and treated with particular cruelty by the defendant in:"

a. persuading the mother to assist

b. threatening the girl with the devil and witchcraft to gain compliance

c. stuffing towels in her mouth

d. causing her pain and injury

e. while claiming sexual abuse himself as an excuse, defendant admits extensive sexual contacts with young relatives and other young females. Except for (e), these are permissible aggravating factor showing particular cruelty toward the victim under Guideline II.D.2.b(1), (2). *Cermak,* 344 N.W.2d at 840; *State v. Luna,* 320 N.W.2d 87 (Minn.1982); *State v. Kilcoyne,* 344 N.W.2d 394 (Minn.1984).

4. "Defendant receives sexual gratification from the pain and suffering ..." An impermissible departure. The act and the motives required just to qualify for conviction of the crime itself are already particularly perverse. *State v. Brusven,* 327 N.W.2d 591, 594 (Minn. 1982).

5. "Defendant stood in an intrafamilial relationship and used this to secure compliance." An impermissible departure. Ahern's family relationship with his stepdaughter is implicit in the statutory offense of Intrafamilial Sexual Abuse. *Dietz,* 344 N.W.2d at 389.

6. "A Rule 20.01 evaluation determined defendant not to be mentally ill ... (but) has an antisocial personality disorder," with treatment recommended after his sentence. An impermissible departure. Ahern's future danger to the public not a proper factor. *State v. Hagen,* 317 N.W.2d 701 (Minn.1982); *Chase,* supra.

7. Defendant is not a candidate for ITP-SA, is categorized by them as a "brutal rapist," and therefore "incarceration ... is imperative." An impermissible departure. Ahern's future danger to the public is not a proper factor.

## DECISION

 The trial court had sufficient reason to depart durationally from the guidelines. Generally, an upward departure should not more than double the sentence. *State v. Evans,* 311 N.W.2d 481 (Minn.1981). The departure of the trial court doubles the presumptive sentence. It was within the trial court's discretion.

Affirmed.