455 So.2d 449 (1984)
Terry B. HENDRIX, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1702.
District Court of Appeal of Florida, Fifth District.
August 2, 1984.
Rehearing Denied August 22, 1984.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div. Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The appellant, Hendrix, challenges a four year prison sentence imposed by the trial judge outside the sentencing guidelines. Hendrix, who had pled guilty to grand theft, had a total of twenty-five points under the guidelines, the maximum sentence under the matrix for category six crimes thus being "any nonstate prison sanctions." Of these twenty-five points, twelve resulted from prior convictions. The trial judge entered an order, stating:
The defendant, TERRY BECKETT HENDRIX, is to be sentenced on grand theft. The defendant had a prior record dating back to 1971 consisting of possession of controlled substances, shoplifting, driving under the influence, and disorderly intoxication. He has demonstrated complete *450 disregard for the laws of society, and a sentence to the county jail would simply not be sufficient deterrent or punishment for this individual and, therefore, this court finds and determines that it is necessary to go outside the guidelines and impose a sentence accordingly.
On appeal Hendrix contends that his prior record was taken into account in adding up his points under the guidelines, thus the same factor cannot be reconsidered to justify departure from the guidelines. Cf. Provence v. State, 337 So.2d 783 (Fla. 1976), cert denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977).
Since the sentencing guidelines are new in Florida, this is a case of first impression. The issue in this case centers around Florida Rule of Criminal Procedure 3.701(d)(11), which states:
Departures from the Guideline Sentence:
Departures from the presumptive sentence should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.[1]
Under Florida Rule of Criminal Procedure 3.701(d)(5), and the Committee Note thereto, each separate prior felony and misdemeanor conviction in an offender's prior record shall be scored. This rule, when read in conjunction with (d)(11), provides that an offender cannot be punished due to offenses which do not result in a conviction. The language of (d)(11) states that the court is prohibited from considering offenses for which the offender has not been convicted, but the state notes that it does not expressly state that the court cannot consider offenses for which the offender has been convicted. The appellant, on the other hand, cites to cases from Minnesota, in which it has been held that the use of the same conviction as grounds for departure is, in effect, counting the conviction twice, which is contrary to the spirit and intent of the guidelines. See State v. Brusven, 327 N.W.2d 591 (Minn. 1982); State v. Erickson, 313 N.W.2d 16 (Minn. 1981); State v. Barnes, 313 N.W.2d 1 (Minn. 1981).
There is merit in each argument. But we are more persuaded by that of the state. If Florida Rule of Criminal Procedure 3.701(d)(11) precludes consideration by the trial judge of past convictions, then it becomes only a political placebo to placate the trial courts and divert public attention from the legislature's ultimate responsibility for abbreviated sentences. If a trial judge cannot depart from the guidelines based on a defendant's prior criminal record of convictions, then that prohibition should be expressly defined and delineated by the Florida Legislature.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I disagree that a defendant's prior record should be used as the basis for departing *451 from a presumptive sentence under the sentencing guidelines, when his prior record was used in arriving at a point total for a presumptive sentence range.[1] Here Hendrix received 12 points attributable to his prior convictions, while the offense for which he was being sentenced only totalled 13.
The guidelines contain specific factors to be weighed in specific cases to arrive at a presumptive sentence range. The defendant's prior record is one of those specified areas. Further, the guidelines provide that no scoring shall be allowed for arrests or other nonconviction dispositions, Fla.R. Crim.P. 3.701(d)(5)(a)(1) & (d)(11), and none shall be allowed for convictions obtained ten years or more before the most recent date of release. Fla.R.Crim.P. 3.701(d)(5)(b).
From the order entered in this case it appears that the trial court relied on matters which occurred more than ten years ago in departing from the presumptive sentence. Whether he also relied upon arrests or charges that were dropped, we cannot tell because the record does not reveal Hendrix' "rap" sheet or presentencing investigation report. A problem with wholesale reliance on a defendant's "record" in general is that it renders appellate review impossible.
It appears to me that the design of the guidelines implicitly prohibits the second use of a defendant's prior record to further enhance his punishment.[2] If uniformity in sentencing is to be achieved through use of the guidelines, Fla.R.Crim.P. 3.701(b), its mandates and exclusions should control the whole sentencing process. See Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984).
The trial judge in this case thought the presumptive sentence was too light a punishment for this crime and this defendant with his prior record. I agree. However, the degree of punishment afforded by the guidelines, or lack thereof, should not be grounds for enhancement. The basic problem is the generally light punishments programmed as presumptively correct in the guidelines.
The legislature can remedy this problem. However, if in the meantime the courts render the guidelines meaningless by allowing departures in violation of the guidelines rules and mandates, there will be nothing left to remedy.[3] Sentencing guidelines in Florida will become an interesting but failed social experiment.
NOTES
[1] Amendment of Florida Rule of Criminal Procedure 3.701(d)(11) has been recommended by the Guidelines Commission, and approved by the Florida Supreme Court. In Re Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). The rule, as amended, would read:

Departures from the Guideline Sentence: Departures from the guideline range should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
Legislative approval of this proposal is required by section 921.001(4)(b), Florida Statutes (1983). In any event, such amendment, even if now effective, cannot be applied retroactively to this case. Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
[1] Fla.R.Crim.P. 3.988.
[2] As correctly pointed out by the majority, Minnesota, which also has adopted guidelines, has consistently condemned as "unfair," the consideration of prior record when it was used in determining the presumptive sentence. State v. Magnan, 328 N.W.2d 147 (Minn. 1983); State v. Brusven, 327 N.W.2d 591 (Minn. 1982); State v. Barnes, 313 N.W.2d 1 (Minn. 1981).
[3] The paramount goal of the guidelines is to reduce unwarranted disparity in sentencing. Fla.R.Crim.P. 3.701. Thus, the guidelines are designed to insure that similarly situated offenders convicted of similar crimes receive similar sentences. See Sundberg, Plante, Braziel, Florida's Initial Experience With Sentencing Guidelines, 11 Fla.St.U.L.Rev. 125 (1983). Similarly situated offenders would not be assured of equal treatment if each trial judge is allowed to sentence an offender based upon his or her ideas or philosophy regarding punishment.