458 So.2d 1143 (1984)
Thomas HANKEY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-162, 84-203.
District Court of Appeal of Florida, Fifth District.
October 18, 1984.
Rehearing Denied November 20, 1984.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This is an appeal from a sentence wherein the trial court departed from the sentencing guidelines. Fla.R.Crim.P. 3.701.
There was no error in departing from the suggested guideline sentence, because of the articulated reason that the crime imposed a severe and long lasting economic and emotional hardship on the victim. The trial court found that the emotional trauma to the victim was as severe as if inflicted with "fists or sticks or guns or knives," and we find this to be a clear and convincing reason for departure. Therefore, no abuse of the judge's sentencing discretion has been demonstrated. Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984). See also, Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984).
Appellant contends also that "even if the court's reasons for departure would legitimately support some guideline departure ... those reasons hardly justify its `leap' of six (6) guideline categories, i.e., from `any non-state prison sanction' to ten (10) years *1144 imprisonment without parole." Appellant entered a negotiated plea in consolidated cases to one count of burglary of a dwelling, a second degree felony under section 810.02(3), Florida Statutes (1983) and one count of burglary of a structure, a third degree felony under the same statute. He was sentenced to consecutive terms of five years on each count.
The sentences are within the limits imposed by statute for the respective crimes, Section 775.082(3)(c) and (d), Florida Statutes (1983), and are therefore proper. Once clear and convincing reasons exist which cause the sentencing court to depart from the guidelines, the court may impose any sentence otherwise authorized by law. Section 921.001(5), Florida Statutes (1983).
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., concurs in result only.