462 So.2d 96 (1985)
Darrell Wayne DEER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-995.
District Court of Appeal of Florida, Fifth District.
January 10, 1985.
*97 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a guideline sentence. The trial judge departed from the guidelines and sentenced the appellant to four years in prison for a third degree felony.
The basis upon which the judge departed was that:
The defendant's personal history demonstrates his inability to conform to probation or to obey the law. He is a perpetual scofflaw.
O.K., Mr. Deer, I cannot help but find based upon your record that your personal history demonstrates your inability to conform to probation or to obey the laws which is perpetual.
Therefore, I am going to depart from the guidelines.
Appellant presents two issues. First, whether the trial court's departure from the recommended range is based on clear and convincing reasons as Criminal Rule 3.701 d.11. requires? Second, where the maximum legal term of imprisonment for appellant's crime is five years, whether a departure sentence of four years incarceration is an excessive departure? This court has previously resolved both of these issues in favor of appellee.
In Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984), this court held that a sentencing court may depart from the guidelines recommended sentence on the basis of a defendant's prior convictions even though those prior convictions had been used in arriving at the recommended sentence. In Hendrix, this court considered and rejected appellant's argument, based on cases from Minnesota, that double-dipping sentences, like the instant one, are improper. Since the date of its release, other Florida courts of appeal have cited Hendrix with approval. See, e.g., McCuiston v. State, 462 So.2d 830 (Fla. 2d DCA 1984); Townsend v. State, 458 So.2d 856 (Fla. 2d DCA 1984); Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984). Based upon Hendrix, the lower court's written reason for departing from the guidelines recommended sentence is clear and convincing. Appellant has not disputed the judge's findings regarding his inability to conform to probation or to obey the law. He also has not disputed the finding that he is a scofflaw. We do not have the pre-sentence investigation report but assume it supports the findings.
With respect to the second issue appellant raises, this court has previously held that once clear and convincing reasons exist which cause a sentencing court to depart from the guidelines, the court may impose any sentence authorized by law. Gann v. State, 459 So.2d 1175 (Fla. 5th DCA 1984); Hankey v. State, 458 So.2d 1143 (Fla. 5th DCA 1984). The maximum term of imprisonment authorized by law in the instant case is five years. § 775.082(3)(d), Fla. Stat. (1983). Therefore, the lower court did not err in imposing on appellant a departure sentence of four years incarceration.
The judgment and sentence are affirmed.
COBB, C.J., and COWART, J., concur.