463 So.2d 1242 (1985)
Ronald Ivey EMORY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-645, 84-646.
District Court of Appeal of Florida, Second District.
February 20, 1985.
*1243 James Marion Moorman, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
LOGAN, PAUL E., Associate Judge.
In these consolidated appeals Appellant (Emory) challenges sentences outside the guidelines with the trial court retaining jurisdiction over one-half the sentence. We set aside the retention of jurisdiction, but affirm the departure from the sentencing guidelines.
Emory was charged by information with two counts of lewd and lascivious behavior with a child under the age of 14, allegedly committed in June, 1983. By separate information Emory was also charged with armed burglary, aggravated battery, shooting into an occupied dwelling, and two counts of aggravated assault all allegedly committed in September, 1983. Emory entered pleas of guilty, requested to be sentenced under the guidelines, was adjudicated guilty and received the following sentences: lewd and lascivious behavior, 15 years each count, consecutive; armed burglary, life; aggravated battery, 15 years consecutive; shooting into an occupied dwelling, 15 years consecutive; aggravated assault, 5 years each count, consecutive.
In departing from the guidelines and retaining jurisdiction the trial judge stated:
THE COURT: It is the Judgment, Order and Sentence of this Court that Ronald Ivey Emory  and I should note that in '61 he has a crime against nature, five years State Prison. Then '83 a misdemeanor and then the next day another unrelated misdemeanor and then two lewd and lascivious and then this shooting in which the victim is shot.
On 83-8095 it is the Judgment, Order and Sentence of this Court that on this Count that Mr. Emory be confined in the Florida State Prison for fifteen years. Count II aggravated battery fifteen years consecutive.
For shooting into an occupied dwelling fifteen years consecutive.
For each count of aggravated assault five years consecutive.
Give him credit for all time sewed. I will retain jurisdiction on the armed burglary, the aggravated battery, the shooting into an occupied dwelling and aggravated assault for one-half of the sentence in that a firearm was used. Let me have the form, please. Also because he has a significant history of prior criminal activity. The victim is injured. It is necessary for the protection of the public. It is a serious crime. It is a firearm or other weapon used. There are a large number of people exposed to danger. The crime involved the use of potential violence.
He has the right to appeal this sentence.
He must do so within thirty days and has the right to be represented by his own attorney or free attorney on that appeal if he cannot afford one.
Prepare a written order and be sure and put in the crime against nature in '61, the misdemeanor in '83, the unrelated misdemeanor *1244 the next day, these two lewd and lascivious and the armed burglary as the basis for going outside the guidelines.
Prior to sentencing Emory was not told that the Court would retain jurisdiction over any portion of the sentence imposed. These appeals followed.
Taking the departure from the sentencing guidelines first, we hold that there were clear and convincing reasons for the departure. The sentencing guidelines are designed to aid a judge in determining the appropriate sentence for a particular crime; such determination is within the sound discretion of the trial court. See, Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984). Rule 3.701(d)(11), Fla.R. Crim.P. permits the trial court to consider factors relating to the instant offenses and prior offenses for which convictions have been obtained. The dictation of findings into the record satisfies the writing requirement. Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984). In the cases before us the trial judge's findings of aggravating circumstances read into the record related only to Emory's prior arrests, or charges on the instant case, for which convictions were obtained.
As to the second point on appeal, we hold as error the trial court's failure to inform Emory before he was sentenced that the court would retain jurisdiction over any portion of the sentence imposed. State v. Green, 421 So.2d 508 (Fla. 1982); Brown v. State, 434 So.2d 21 (Fla. 2d DCA 1983). In any event, since appellant was sentenced under the guidelines, the retention of jurisdiction with respect to parole was inappropriate. Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985).
The judgments and sentences are AFFIRMED. The retention of jurisdiction is set aside.
GRIMES, A.C.J., and LEHAN, J., concur.