473 So.2d 800 (1985)
Johnny Lee KEYS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 85-30.
District Court of Appeal of Florida, Fifth District.
August 8, 1985.
*801 James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Chief, Appellate Div., and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, JR., Judge.
Keys appeals his convictions and sentences for sexual battery, robbery, and aggravated battery. We find that the reasons set out by the trial judge  Keys' violation of probation, his escalating course of violent criminal conduct indicating that he is unsuitable for probation or community control and the facts and circumstances relating to the present offenses  provide clear and convincing reasons supporting departure from the guidelines. See, e.g., Deer v. State, 462 So.2d 96 (Fla. 5th DCA 1985), review granted, Supreme Court No. 66,532; Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984); Hankey v. State, 458 So.2d 1143 (Fla. 5th DCA 1984), review granted, Supreme Court No. 66,320; Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984), review granted, Supreme Court No. 66,091; Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984), review granted, 475 So.2d 1218, Supreme Court No. 65,928. Any reference by the trial judge to impermissible reasons for departure from the guidelines does not vitiate these valid reasons. Ragan v. State, 468 So.2d 322 (Fla. 2d DCA 1985); Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984), review granted, Supreme Court No. 66,169. However, we do agree with Keys' contention that the trial judge erred in retaining jurisdiction over his sentences. See Ragan v. State; Emory v. State, 463 So.2d 1242 (Fla. 2d DCA 1985). Accordingly, we strike the retention of jurisdiction provisions of the sentences, but affirm the judgments and sentences in all other respects.
COBB, C.J., and ORFINGER, J., concur.