476 So.2d 163 (1985)
Darrell Wayne DEER, Petitioner,
v.
STATE of Florida, Respondent.
No. 66532.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied October 18, 1985.
*164 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We review Deer v. State, 462 So.2d 96 (Fla. 5th DCA 1985), which conflicts with decisions of the other courts of appeal and of this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The trial judge departed from the guidelines and sentenced Deer to four years in prison for a third-degree felony. Deer appealed, arguing that the trial court's departure from the recommended range was not based on clear and convincing reasons as Florida Rule of Criminal Procedure 3.701(d)(11) requires and, since the maximum legal term of imprisonment for Deer's crime is five years, the departure sentence of four-years incarceration was an excessive departure.
The trial judge departed based on Deer's prior convictions. The district court held that this was a clear and convincing reason for departure, citing its prior decision in Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984). This Court has recently quashed the Hendrix decision, however. In Hendrix v. State, 475 So.2d 1218 (Fla. 1985), we held that since prior convictions were already factored in as a part of the presumptive guidelines sentence, they cannot be used as a clear and convincing reason for departure.
Regarding the second issue, the district court held that "once clear and convincing reasons exist which cause a sentencing court to depart from the guidelines, the court may impose any sentence authorized by law." 462 So.2d at 97 (citations omitted). Therefore, the court held, since the maximum term authorized by law is five years in this case, the trial judge did not err in sentencing Deer to four-years imprisonment. Id. In Albritton v. State, 476 So.2d 158 (Fla. 1985), we held that the extent of departure is subject to appellate review in order to determine whether the departure was excessive. This is accomplished by the appellate court looking at the guidelines sentence, the extent of the departure, the reasons given for the departure, and the record to determine if the departure is reasonable. Id. In the instant case, the district court determined there was no error simply because there was no violation of the maximum statutory sentence. Therefore, in accordance with Albritton, we hold that the case must be remanded to the appellate court for a determination of whether the trial judge imposed an excessive departure.
Accordingly, we remand for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent. I agree with the district court that a departure should not be subject to appellate review as long as there is no violation of the maximum statutory sentence. I also dissent from that part of the opinion that holds that a defendant's prior convictions are not a clear and convincing reason for departing from the guidelines for the same reasons which I expressed in Hendrix v. State, 475 So.2d 1218 (Fla. 1985).