**STATE of Minnesota, Respondent,**

**v.**

**Prudence Elaine SREY, a/k/a Rachael P. Ward, Appellant.**

**No. C6–86–906.**

Court of Appeals of Minnesota.

Dec. 2, 1986.
Review Granted Jan. 16, 1987.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, Minn. State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Prudence Srey pleaded guilty to one count of uttering a forged instrument. She appeals from her sentence, contending the trial court abused its discretion by imposing a double durational departure and ordering her to pay restitution of $13,158.63. We vacate the guilty plea, the sentence and the restitution order and remand to the trial court.

## FACTS

On October 4, 1985, Srey was charged with two counts of uttering a forged instrument in violation of Minn.Stat. § 609.-625, subds. 1(1) and 3 (1984). The complaint alleged she forged two checks from Art Services, Inc., for $74.94 and $75.26. According to police reports, Srey, who worked as a bookkeeper for Art Services, also forged other checks worth some $20,-000.

On November 21, 1985, Srey accepted a plea agreement whereby she would plead guilty to one count of forgery. In return, the State agreed to dismiss the other count, not charge her with any uttering offenses for other Art Services checks, and not request a departure from the sentencing guidelines.

At a presentence interrogation the trial court stated that it would impose the presumptive sentence of 22 months, but was considering ordering Srey to pay restitution to Art Services. Srey opposed the restitution order:

I don't see how you can expect me to pay $20,000 back, which I don't even agree that is the amount. We are never going to agree. If you get Art Services and the bank and me, we will never agree unless you take it to a full-fledged trial on every check. There are checks in the complaint that I didn't forge and I want a handwriting expert in here to show that I forged those checks.

At this juncture the prosecutor stated that, because Srey was denying the other offenses, he was willing to forego the plea agreement, amend the complaint by charging out the other checks, and go to trial. Faced with that prospect, Srey stated, "I am not denying the offenses." But when questioned, she admitted signing the name of Paul Jahnke, owner of Art Services, to only one check. The trial court accepted the plea, ordered court services to look into the matter of restitution and continued the case for sentencing.

Srey's probation officer conducted the presentence investigation and prepared a report, which stated in part:

> Paul Jahnke, owner of Arts Services, indicated that he experienced the loss regarding this check. He also forwarded information regarding the defendant indicating that she had forged numerous other checks on his business account. He supplied this reporter with photocopies of checks and signed Affidavits of Forgery, for 33 checks, the defendant evidently forged on his business account. The total monetary value amounts to $13,158.63.
>
> \* \* \* \* \* \*
>
> The defendant was contacted by phone at Shakopee Correctional Facility. She admitted to forging the check in the amount of $74.94. She also stated that she did forge other checks on Mr. Jahnke's business. When asked approximately how many checks she forged, she indicated she had no idea. She did state she disputes Mr. Jahnke's contention that she forged checks in the amount of approximately $18,000.

At sentencing on March 5, 1986, the trial court reviewed the report and the probation officer's file, which apparently contained copies of other allegedly forged checks and affidavits of forgery.[1] The court then stated:

> I intend to order restitution in the amount of the documented and verified restitution or loss, which I see to be

$13,158.63. Mr. Wagner is here and his report indicates that Paul Jahnke, the owner of Art Services, supplied him with photocopies of checks and signed affidavits of forgery for 33 checks that the defendant evidently forged on his business account and the total of those checks is the $13,158.63. That is what I intend to order, because that is what I feel has been proven to at least Mr. Wagner's satisfaction.

When given her right of allocution, Srey stated:

> I pled guilty to one check for $74 and did not and do not plead guilty to $13,100 and whatever it is. The original plea agreement, I will not withdraw. I expected it to be followed through; it is not being followed through. I feel the reason I am being sentenced to double time is based on the $13,000 and I did not plead guilty to that.

Srey was sentenced to 44 months in prison and was ordered to pay restitution of $13,158.63. Defense counsel objected to the departure and the amount of restitution on the basis that Srey was not in a fiduciary position and had pled guilty to uttering only one forged check. The trial court's departure report stated the reasons for the aggravated sentence:

> The Court considers this to be a major economic offense in that the defendant forged a minimum of $13,158 of checks on the business account of the victim over a four-month period. The victim claims at least another $5,000 of checks were forged, but did not provide this Court documentation of the same. The defendant was also in a position of trust, in that she was an employee of the business and although she did not have authority to sign the checks, she did take them and forge at least 33 of them. The effect on the victim in this case, a Mr. Paul Jahnke, was devastating. Mr. Jahnke indicated to Mr. Wagner, the person writing the presentence investigation

---

1. The trial court stated that copies of the checks and the affidavits of forgery could be made a part of the record, but those documents are not in the district court file.

report, that he may well be forced into bankruptcy, because of the disruption of his cash flow, caused by the defendant's thievery.

## ISSUE

1. Did the trial court abuse its discretion by accepting a guilty plea to a single offense and then imposing an aggravated sentence based on other alleged conduct?

2. Was the restitution order an abuse of discretion?

## DISCUSSION

### I

■ Srey pled guilty to one count of uttering a forged instrument. The trial court found that Srey committed a major economic offense and imposed a double durational departure. The issue is not whether forgery of 33 checks worth over $13,000 constitutes a major economic offense. Such crimes, if proved, might well support a sentencing departure. The issue presented in this case is whether the sentencing court abused its discretion when it considered numerous other checks allegedly forged by Srey where she had been charged with forging just two checks and admitted criminal liability for only one. We agree with Srey that the controlling authority is *State v. Womack*, 319 N.W.2d 17 (Minn.1982).

In *Womack* the defendant pled guilty to possession of a pistol by a felon in exchange for dismissal of a second-degree assault charge. *Id.* at 18. To provide a factual basis for the plea, Womack testified and admitted only that he had a gun in his car at the time of his arrest. He later told his probation officer, who prepared the presentence investigation report, that he fired the gun into the air in self-defense. He repeated his claim at a sentencing hearing, but the trial court did not believe him and imposed an aggravated sentence.

The supreme court reversed the sentence and held that the trial court erred by considering the defendant's "overall course of conduct" where there was a fact issue as to whether he had acted in self-defense:

Defendant admitted that he violated the law in possessing the gun but at all times he has claimed that he used it against the complainant only in self-defense * * *. Defendant had a right to have a jury determine his guilt or innocence of [the assault] charge. He gave up that right only on condition that the charge would be dismissed in exchange for his guilty plea to the possession charge. It is one thing for the sentencing court to look at the conduct underlying the offense to which the defendant pled guilty if the defendant admits that the underlying conduct occurred, but it is quite another thing when the defendant denies that such conduct occurred.

*Id.* at 19. A trial court may not "act as factfinder," determine that a defendant is not telling the truth with respect to other alleged conduct, and impose a sentencing departure. *Id.* at 20.

Srey pled guilty to one count of forgery; the State agreed to dismiss another count and not charge any other offenses. To provide a factual basis for her plea, Srey testified that she forged one check. At various hearings she consistently disputed the total number of forged checks and denied that she had forged all of them. Her probation officer prepared a presentence investigation report which included copies of 33 allegedly forged checks, affidavits of forgery, and Srey's statement that she forged "some" other checks.

The trial court could not accept Srey's guilty plea to one count of forgery and then determine that she had in fact forged 33 checks. *See id.* at 19–20. The trial court abused its discretion by imposing an aggravated sentence based on offenses with which Srey was not charged and of which she was not convicted. *See State v. Brusven*, 327 N.W.2d 591, 593 (Minn.1982). However, we do not believe the interests of justice will be served by reducing Srey's sentence to the presumptive term of 22 months.

We are convinced that the sentencing difficulties in this case were the result of an inadequate guilty plea. Police reports attached to the complaint contained allegations that Srey forged $20,000 in Art Services checks. The trial court should have considered whether, by pleading guilty to one count of forgery, Srey was showing a willingness to assume responsibility for her conduct. *See* Minn.R.Crim.P. 15.04, subd. 3(2)(a). Under the circumstances, the trial court should have postponed acceptance of the guilty plea until a presentence investigation was completed. *Id.* at subd. 3(1).

We therefore vacate the guilty plea and remand the case to the trial court. *See* Minn.R.Crim.P. 28.05, subd. 2. On remand the parties may renegotiate the plea agreement, specifically addressing the extent of Srey's culpability, or try the matter on the original or an amended complaint.

## II

A sentencing court may order a convicted felon to pay restitution in addition to serving a term of imprisonment. *See* Minn.Stat. § 609.10(5) (1984). A trial court has broad discretion in imposing restitution. *See State v. Muller,* 358 N.W.2d 72, 76 (Minn.Ct.App.1984). In ordering restitution a court must determine the economic loss to the victim. *See State v. Fader,* 358 N.W.2d 42, 48 (Minn.1984). Restitution is not limited to amounts charged in a complaint or admitted in a plea. *See State v. Olson,* 381 N.W.2d 899, 900–01 (Minn.Ct.App.1986) (explaining *State v. Chapman,* 362 N.W.2d 401 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. May 1, 1985)).

Srey contends the trial court's restitution order must be reduced from $13,158 to $74.94 because she pleaded guilty to forging only one check in that amount. Were we not vacating the guilty plea and remanding this case for further proceedings, we would affirm the restitution order as within the trial court's discretion. We believe the victim's affidavits to the probation officer were sufficient to determine the victim's economic loss. *See Muller,* 358 N.W.2d at 76. However, we believe that restitution should be addressed in any new plea agreement, *see Chapman,* 362 N.W.2d at 404, and we must vacate the restitution order, as it is now without a predicate conviction.

## DECISION

The trial court abused its discretion by accepting a guilty plea to a single offense and relying on uncharged and dismissed offenses to support an aggravated sentence.

Guilty plea, sentence and restitution order vacated and case remanded for further proceedings in accordance with this opinion.