**STATE of Minnesota, Petitioner-Respondent,**

v.

**Prudence Elaine SREY, a.k.a. Rachael P. Ward, Petitioner-Appellant.**

No. C6–86–906.

Supreme Court of Minnesota.

Feb. 13, 1987.

C. Paul Jones, Minnesota State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for petitioner-appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. Co. Atty., St. Paul, for petitioner-respondent.

AMDAHL, Chief Justice.

We granted the parties' petitions for review in order to decide whether the Court of Appeals erred in vacating defendant's conviction of uttering a forged instrument and the guilty plea on which it was based. We reverse the decision of the Court of Appeals and reinstate the decision of the trial court.

Srey allegedly took checks from her employer, Art Services, Inc., and forged checks worth more than $20,000. She was charged in Ramsey County with two counts of uttering forged checks, one based on forging a check for $74.94, the other based on forging a check for $75.26. Her attorney negotiated a plea agreement whereby, in exchange for a plea to one count and an agreement to pay restitution, the Ramsey County Attorney would not charge her with any of the other acts of forgery in Ramsey County, would not recommend any durational departure, and would recommend that the sentence run concurrently with any other sentences. The transcript of the hearing on the plea makes it clear that petitioner did not deny forging a large number of other checks and that she understood that the trial court would be free to

order restitution in the total amount determined to have been stolen, not just in the amount of $75. The trial court, after considering the matter, said that it was going to impose a 44-month sentence, which is double the presumptive sentence, and order restitution in the amount of $13,158.63, which was the amount of loss that the owner was able to document at the time. The court offered to let Srey withdraw her plea and go to trial on the two charges and any other charges that the prosecutor filed, but Srey said no.

Srey appealed to the Court of Appeals. It ruled (a) that *State v. Womack*, 319 N.W.2d 17 (Minn.1982), prevented the trial court from relying on the other forgeries in departing and (b) that the restitution order was proper. *State v. Srey*, 396 N.W.2d 701 (Minn.Ct.App.1986). Rather than reduce the sentence and affirm the restitution order, it vacated the conviction and the guilty plea on which it was based (and thereby also the restitution order) and remanded, stating that "On remand the parties may renegotiate the plea agreement, specifically addressing the extent of Srey's culpability, or try the matter on the original or an amended complaint." 396 N.W.2d at 705.

*Womack* arguably would apply if Srey had denied the other forgeries. But she did not deny the underlying conduct and therefore *Womack* does not apply. Instead, *State v. Brigger*, 316 N.W.2d 512 (Minn.1982), and *State v. Rott*, 313 N.W.2d 574 (Minn.1981), both of them check cases very much like this one, apply. In both of them the defendant, like the defendant here, did not deny that the checks involved in the counts in question represented the tip of the iceberg, and in both of them we held that it was proper for the trial court to look at the underlying course of conduct. *See* discussion of *Womack, Brigger* and *Rott* in *State v. Cermak*, 344 N.W.2d 833, 837–38 (Minn.1984).

Because the trial court was free to rely on the course of conduct underlying the charge, the court's durational departure and the order determining the amount of restitution both were proper.[1]

Reversed and judgment of conviction and sentence reinstated.

---

1. We note that even if the Court of Appeals had been correct in ruling that the departure was unjustified, it erred in vacating the conviction when neither party wanted the conviction vacated.