**STATE of Minnesota, Respondent,**

v.

**Richard Warren SHOEBOTTOM, Appellant.**

No. CX–84–1147.

Court of Appeals of Minnesota.

Oct. 16, 1984.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

C. Paul Jones, Minnesota Public Defender, Mark F. Anderson, Kathy King, Asst. Public Defenders, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

On February 17, 1984, defendant Richard Warren Shoebottom was charged with murder in the second degree for causing the death of his wife, Linda Michelle Shoebottom, with intent to effect her death but without premeditation. On that same day, defendant entered a plea of guilty to the charge. The plea was made pursuant to a plea bargain that defendant reveal to the authorities where he deposited his wife's body and that defendant would not be charged with first degree murder. There was no plea bargain relating to sentencing, the parties agreeing that each could present to the court its respective position on departure from the sentencing guidelines.

The court conducted a sentencing hearing on April 4, 1984, and on that same day imposed a sentence of 300 months with credit for 48 days spent in confinement prior to sentence. The sentence was 2½ times the presumptive term of 120 months. Thereafter, the court filed a departure report justifying the departure. Defendant appealed from the conviction and sentence, and by his brief limited the scope of the appeal to objection to the upward departure in the sentence.

## FACTS

This case arises out of a shooting death of appellant's wife at their home in St. Paul on November 24, 1983 (Thanksgiving Day).

For some time prior to the shooting there was considerable marital discord between appellant and Linda. On November 24, 1983, appellant testified that his wife came to their home presumably to pick up her clothes and leave permanently. Appellant claims he had no intent to kill her until she

grabbed a gun, handed it to him, and told him that if he were man enough he would shoot her. He then shot her. After a period of time, he undressed her and took her to Cedar, Minnesota, where he attempted to burn the body in a trash barrel because he said Linda wanted to be cremated when she died; but then he removed the partially burned body, put it in the trunk of his car, drove towards St. Paul, and left the body between two lanes of a freeway near Highways 694 and 10.

On or about February 16, 1984, and only after the county attorney agreed to not charge him with first degree murder in exchange for revealing where the body was located did he show the authorities the place where the body had been placed.

## ISSUE

Were there substantial and compelling reasons for upward durational departure from the presumptive sentence in this case?

## ANALYSIS

■ The trial court based its decision to depart solely on the fact that appellant concealed the body and, thus, cruelly caused enormous anguish to the relatives of the deceased. The court cited the case of *State v. Ming Sen Shiue*, 326 N.W.2d 648 (Minn.1982) as authority for its decision. We agree.

■ In *Ming Sen Shiue*, as in this case, a body was concealed for a considerable amount of time, and located only after a favorable plea bargain. The court in upholding a sentence 3.4 times greater than the presumptive sentence, said that the inclusion of concealment as an aggravating factor is justified not only by the trauma to close relatives but by independent policy reasons.

## DECISION

Affirmed.