**STATE of Minnesota, Respondent,**

v.

**Craig D. JACKSON, Appellant.**

**No. C4–85–599.**

Court of Appeals of Minnesota.

June 25, 1985.

Review Denied Aug. 20, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Craig D. Jackson challenges the 242 month sentence imposed for murder in the second degree, a double durational departure. We affirm.

## FACTS

Jackson was convicted of three counts of first degree murder and one count of second degree murder in 1982. His convictions, as well as the three consecutive life sentences imposed for the first degree murders, were affirmed by the Minnesota Su-

preme Court. *See State v. Jackson,* 351 N.W.2d 352 (Minn.1984). The supreme court remanded to the trial court to provide reasons justifying the 242 month sentence for the second degree murder conviction (double the presumptive sentence) since it was unclear whether the trial court intended to depart or used an improper *Hernandez* calculation. The trial court affirmed the sentence as given and Jackson appealed.

The facts relevant to this appeal are as follows. In the early morning hours of March 7, 1982, Jackson met a prostitute in downtown Minneapolis and they went to his apartment where he paid her $50. While having sexual intercourse with the prostitute, Jackson strangled her. Jackson then took the $50 and hid her body under the bed in his son's room.

Several hours later Jackson strangled his girlfriend and two young sons. Police found the bodies of all four victims hidden under the beds on March 10. The prostitute's clothing and purse were in a locked storage area belonging to Jackson in the basement of his apartment building. The prostitute's picture, name and address had been burned off the identification cards found in her purse. She was identified through fingerprint analysis.

Upon resentencing, the trial court stated in its order it did not consider *Hernandez,* but rather, doubled the presumptive sentence because of the particular cruel way Jackson committed the crime and the particular vulnerability of the victim.

### ISSUE

Did substantial and compelling circumstances justify the double departure for second degree murder?

### ANALYSIS

"The general issue that faces a sentencing court in deciding whether to depart durationally is whether the defendant's conduct was significantly more or less serious than that typically involved in the com-mission of the crime in question." *State v. Cox,* 343 N.W.2d 641, 643 (Minn.1984).

■ The departure here was justified by numerous aggravating factors.

1. The victim was particularly vulnerable. Minnesota Sentencing Guidelines II.D. 2.b.(1). She was nude and was engaged in an act of consensual sexual intercourse with Jackson when he exploited her vulnerability and strangled her.

2. The victim was treated with particular cruelty. Minnesota Sentencing Guidelines II.D.2.b.(2). Strangling a person during an act of consensual sexual penetration is particularly offensive and cruel.

3. The victim's body was concealed and items identifying the victim were destroyed. Jackson hid the prostitute's body under a bed in his apartment, hid her belongings and burned her picture, name and address from identification cards. Concealment and an attempt to hinder identification of the body are valid aggravating factors. *See State v. Ming Sen Shiue,* 326 N.W.2d 648, 655 (Minn.1982); *State v. Shoebottom,* 355 N.W.2d 773, 774 (Minn.Ct. App.1984), *pet. for rev. denied,* (Minn. Jan. 2, 1985). Had it not been for the fortuitous fingerprint identification, identification of the victim may never have been known. The fact that Jackson did not attempt to negotiate a deal through his knowledge of the location of the victim's body does not prevent the use of concealment in this case as an aggravating factor because, here, concealment was coupled with other attempts at concealing the victim's identification. *Compare State v. Schmit,* 329 N.W.2d 56, 58 n. 1 (Minn.1983).

We need not consider whether other aggravating factors cited by the trial court are present because we are convinced the factors discussed are sufficient to justify the double departure in this case.

### DECISION

Jackson's consecutive sentence of 242 months for murder in the second degree,

representing a double departure, is affirmed.

Affirmed.