STATE of Minnesota, Respondent,

v.

Walter Ray WOMACK, Appellant.

No. 82–334.

Supreme Court of Minnesota.

May 10, 1982.

Heuer, Madden, Gruesner & Bushay, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas W. Foley, County Atty. and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal.

Defendant was charged with two crimes, possession of a pistol by a felon and assault in the second degree (assault with a dangerous weapon). The Minnesota Sentencing Guidelines designate the possession charge as a severity level III offense and the assault charge as a severity level VI offense. The defendant had a criminal history score of two, arising from a prior felony conviction and his status as a parolee at the time of the charged offenses. The presumptive guidelines sentence upon conviction of the possession offense for one with a criminal history score of two is 16 months with execution of the sentence stayed. The presumptive sentence for the assault charge is 30 months commit. Defendant, pursuant to a plea agreement that the assault charge would be dismissed upon his plea of guilty to the possession charge, entered such a plea. The sentencing court, being of the opinion that the defendant was not amenable to probation and believing that defendant had committed the assault as alleged, imposed an executed 30-month prison term. This appeal followed. We affirm the dispositional departure but reduce the sentence to the presumptive 16-month term established by the Guidelines.

On July 23, 1981, defendant's former girlfriend called the police and reported that defendant had asked her to return a ring he had given her and, when she said she did not have it, struck her on the head with a handgun and fired shots at her as he left in his car. Defendant was arrested as he was getting into his automobile at a different location. A loaded .22-caliber revolver was found under the front seat of the auto. The two charges followed.

Defendant entered a guilty plea only to the possession charge and then only after the plea negotiation had been reached. In questioning to establish a factual basis for the plea, he testified that he had the gun in his car at the time of the arrest.

The probation officer who prepared the presentence investigation report testified at the sentencing hearing that the defendant claimed that he struck the complainant with the gun only after she assaulted him with a knife and an umbrella and that he fired the gun into the air, not at complainant, in self-defense in order to frighten her away. Defendant also testified at the hearing and reiterated the claim that he used the gun in self-defense. His counsel challenged the right of the court to rely on the evidence surrounding the assault in determining defendant's sentence for the possessory offense.

The trial court, telling defendant that he did not believe that complainant had assaulted him with a knife, sentenced defendant to 30 months in prison, giving the following reasons for departure:

First, the offense for which the defendant was on parole and the current offense involve the use of a firearm.

Secondly, the current offense occurred within six months of his parole, which demonstrates to me quite clearly that the defendant is not suitable parole material and should be incarcerated; that there should not be a stay of execution of sentence in this case because the defendant is not suitable parole or probation material.

Third, by the defendant's admission, he injured someone in the course of the commission of the current offense, even though that injury occurred in an offense for which the defendant was charged but which will be dismissed in this court at a later time.

Fourth, by the defendant's admission, he fired the firearm which he had in his possession and he fired it in a manner in which I don't believe he was demonstrating self-defense.

■ We believe that the trial court was justified in executing the sentence rather than staying it, as recommended by the Sentencing Guidelines. As stated in *State v. Park*, 305 N.W.2d 775, 776 (Minn. 1981), in determining unamenability to probation "Each case must be considered on its own * * *." Factors bearing on this determination include the recommendation of the probation agent, the defendant's prior record under supervision, the defendant's apparent willingness to cooperate on probation, and anything else relevant to the issue that is not excluded from consideration by the Guidelines. Our examination of the record in this case satisfies us that the sentencing court was justified in departing dispositionally. *State v. Rott*, 313 N.W.2d 574 (Minn.1981).

With respect to the durational departure, the state relies upon *State v. Garcia*, 302 N.W.2d 643 (Minn.1981), where we upheld a durational departure from the presumptive term for kidnapping because, during the kidnapping, the defendant treated the victim "in a particularly cruel way, driving her around for 2 hours in a wild fashion and subjecting her to psychological terror and gross physical and sexual abuse." 302 N.W.2d at 647. We added that "Recogniz-

ing and relying on this does not in our opinion amount to improper reliance on offenses of which the defendant was not convicted [namely, the rape charge, which was dismissed]. We believe that the sentencing court in sentencing on a kidnapping conviction should be permitted to consider what happened during the kidnapping." *Id.* *See also State v. Rott*, 313 N.W.2d 574 (Minn. 1981); *State v. McClay*, 310 N.W.2d 683 (Minn.1981).

■ Notwithstanding these cases, we believe that it was error in this case for the trial court to rely on the overall course of conduct as justification for aggravating defendant's sentence for the possession charge. Defendant admitted that he violated the law in possessing the gun but at all times he has claimed that he used it against the complainant only in self-defense, first in striking her when she attacked him with the knife, later to fire in the air and frighten her in an attempt to stop her from attacking him as he attempted to drive away. Defendant had a right to have a jury determine his guilt or innocence of that charge. He gave up that right only on condition that the charge would be dismissed in exchange for his guilty plea to the possession charge. It is one thing for the sentencing court to look at the conduct underlying the offense to which the defendant pled guilty if the defendant admits that the underlying conduct occurred, but it is quite another thing when the defendant denies that such conduct occurred. In this case the defendant at all times has claimed that he acted in self-defense. Stated differently, although defendant obtained a dismissal of the assault charge in exchange for his guilty plea and although he has never admitted his guilt of the assault charge, he received a term of 30 months, which is the duration of the term which would have been presumptively appropriate if he had been convicted of the assault by a jury.

The state's response is that as a matter of law defendant did not act in self-defense. However, upon analysis it becomes apparent that the state is really arguing that *as a matter of fact* defendant did not act in

self-defense. Given the way in which the case was presented to the trial court, the trial court was not entitled to act as fact-finder and determine whether defendant was telling the truth when he claimed that the complainant attacked him with a knife. That being so, we believe that the departure, based on the sentencing court's fact-finding, was improper. Accordingly, defendant's sentence is reduced to 16 months.

Affirmed as modified.