STATE of Minnesota, Respondent,

v.

Timothy COX, Appellant.

No. C2-83-225.

Supreme Court of Minnesota.

Feb. 3, 1984.

C. Paul Jones, State Public Defender by Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal, pursuant to Minn.Stat. § 244.11 (1982), from an upward durational departure in a rape case. We affirm.

On July 22, 1982, a female real estate agent was at a South Minneapolis house putting up a lawn sign when defendant approached and asked her about the terms of the offer. The agent entered the house with defendant and began showing him the house. In the basement defendant grabbed her from behind, forced her onto the floor and raped her. After completing the act, defendant took the victim's clothing and left the premises. In order to report the incident, the victim had to run "partially naked" to another house.

The victim gave police a description of defendant's T-shirt, which had the name of a business on it and the name "Tim." Police learned that defendant, whose first name is Timothy, was employed by the business. On July 26 the police talked with defendant and obtained a confession from him.

Defendant was charged with criminal sexual conduct in the first degree, Minn. Stat. § 609.342(c) (1982) (forced penetration accompanied by reasonable fear of imminent great bodily harm). On October 18, 1982, he pleaded guilty to criminal sexual conduct in the third degree, Minn.Stat. § 609.344(c) (1982) (forced penetration).

The presentence investigation report stated, apparently to the surprise of all the parties, that the victim had fractured a vertebra when the defendant forced her or wrestled her to the floor; that she spent a month in the hospital and underwent back surgery as a result; that her medical and hospitals bills exceeded $18,000; and that she was taking medication and was going to be permanently disabled.

The presumptive sentence for the offense of conviction (a severity level VII offense) by a person with defendant's criminal history score (zero) is an executed term of 24 (23–25) months in prison. Based on the information in the presentence investigation report, the trial court departed durationally from the presumptive sentence and sentenced defendant to 48 months in prison. Subsequently, on motion of defendant, the trial court reduced defendant's sentence to 42 months, which is within the presumptive sentence range (41–45 months) for criminal sexual conduct in the first degree by a person with defendant's criminal history score.

■ The general issue that faces a sentencing court in deciding whether to depart durationally is whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question. In making this determination the court may not consider evidence that points to the defendant's guilt of some other offense but that does not support the conclusion that the defendant committed the offense in question in a particularly serious way. On the other hand, generally it is proper for the sentencing court to consider the course of conduct underlying the charge for which the defendant is being sentenced. *State v. Gross*, 332 N.W.2d 167 (Minn.1983); *State v. Running*, 330 N.W.2d 119 (Minn.1983); *State v. Peterson*, 329 N.W.2d 58 (Minn. 1983); *State v. Norton*, 328 N.W.2d 142 (Minn.1982); *State v. Brusven*, 327 N.W.2d 591 (Minn.1982); *State v. Womack*, 319 N.W.2d 17 (Minn.1982); *State v. Brigger*, 316 N.W.2d 512 (Minn.1982); *State v. Rott*, 313 N.W.2d 574 (Minn.1981); *State v. Garcia*, 302 N.W.2d 643 (Minn.1981).

The *Womack* case recognized an exception to the principle that generally the sentencing court may consider the underlying conduct in determining whether the defendant committed the offense in a particularly serious way. The defendant in *Womack* was charged with being a felon in possession of a pistol and with assault in the second degree (assault with a dangerous weapon). The defendant pleaded guilty to the possession charge on the understanding that the assault charge would be dismissed, but in sentencing the defendant the court based a durational departure on its belief that the defendant had committed the assault. We held that this was improp-

er and reduced the defendant's sentence to the presumptive sentence length, stating:

> [W]e believe that it was error in this case for the trial court to rely on the overall course of conduct as justification for aggravating defendant's sentence for the possession charge. Defendant admitted that he violated the law in possessing the gun but at all times he has claimed that he used it against the complainant only in self-defense, first in striking her when she attacked him with the knife, later to fire in the air and frighten her in an attempt to stop her from attacking him as he attempted to drive away. Defendant had a right to have a jury determine his guilt or innocence of that charge. He gave up that right only on condition that the charge would be dismissed in exchange for his guilty plea to the possession charge. It is one thing for the sentencing court to look at the conduct underlying the offense to which the defendant pled guilty if the defendant admits that the underlying conduct occurred, but it is quite another thing when the defendant denies that such conduct occurred. In this case the defendant at all times has claimed that he acted in self-defense. Stated differently, although defendant obtained a dismissal of the assault charge in exchange for his guilty plea and although he has never admitted his guilt of the assault charge, he received a term of 30 months, which is the duration of the term which would have been presumptively appropriate if he had been convicted of the assault by a jury.

The state's response is that as a matter of law defendant did not act in self-defense. However, upon analysis it becomes apparent that the state is really arguing that *as a matter of fact* defendant did not act in self defense. Given the way in which the case was presented to the trial court, the trial court was not entitled to act as factfinder and determine whether defendant was telling the truth when he claimed that the complainant attacked him with a knife. That being so, we believe that the departure,

based on the sentencing court's factfinding, was improper.

319 N.W.2d at 19–20.

■ The issue in this case is whether the same sort of unfairness that characterized the departure in *Womack* characterizes the departure in this case. We start with the proposition that if the state, after initially charging a defendant with criminal sexual conduct in the first degree, agrees to let the defendant plead guilty to criminal sexual conduct in the third degree, the trial court, in sentencing the defendant should not be permitted to base an upward durational departure on the fact that the defendant's conduct constitutes criminal sexual conduct in the first degree. Minnesota Sentencing Guidelines and Commentary II. A.01. (1982). Thus, in this case the mere fact that there is evidence that the victim was injured—*i.e.,* evidence indicating that defendant in fact committed criminal sexual conduct in the first degree—does not justify departure.

■ However, this case is different in that the evidence did not just establish that the defendant committed criminal sexual conduct in the first degree but established that he did so in a particularly serious way. That is, the record indicates that defendant did not just injure the victim but that he very seriously injured her. In *State v. Van Gorden,* 326 N.W.2d 633 (Minn.1982), we upheld a durational departure in a case of criminal sexual conduct in the first degree on the basis of infliction of injury, even though injury was an element of the offense, because the injury was serious and permanent. In this case, because the defendant pleaded guilty to the reduced charge of criminal sexual conduct in the third degree, it would be unfair to base the durational departure solely on the fact that he could have been convicted of criminal sexual conduct in the first degree. However, the record establishes not just that defendant could have been convicted of criminal sexual conduct in the first degree but that he could have been given a greater sentence than the presumptive sentence in connection with that offense. A departure

under such circumstances does not render the plea bargain illusory.

■ We also note—in addition to the fact that the record indicates that defendant inflicted serious and permanent injury— that defendant took the victim's clothing when he left the house. It cannot be said that the plea bargain prevented the court from relying on this fact in deciding whether to depart. Moreover, it is a factor that distinguishes this case from the "typical" rape case in that the victim was not only raped but was put in the particularly humiliating position of having to appear outside in a "partially naked" state in order to obtain help. This conduct was a form of gratuitous cruelty which was unjustified within the context of the crime, just as the spraying of mace was gratuitously cruel in *State v. Schantzen*, 308 N.W.2d 484 (Minn. 1981) (robbery of drugstore).

Affirmed.