**STATE of Minnesota, Respondent,**

v.

**Edmund GOULD; Appellant.**

**No. C3–84–1989.**

Court of Appeals of Minnesota.

April 30, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas J. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Edmund Gould pleaded guilty to securities fraud for willfully omitting material facts in the sale of unregistered securities, Minn.Stat. §§ 80A.01(b), 80A.22 subd. 1 (1980). He was sentenced to 30 months imprisonment. Appellant challenges the double durational departure.

## FACTS

Appellant had been a stockbroker in Minneapolis. In 1976 he went out on his own as a self-employed business consultant, putting together "deals." From June 1980 through March 1981 appellant solicited money from investors, many of whom were either friends or business or social acquaintances, for a coal mining venture in Virginia called the Indian Creek Coal Company. Appellant told them money would be used for surveys, hiring miners, building roads and bridges, etc. In consideration for their investment appellant executed royalty agreements.

The Indian Creek Coal mine was never developed. The approximately $50,000 contributed by the investors was spent in large part on personal matters involving appellant and Al Jeppesen. Appellant was charged with theft by swindle over $2,500 and fraud in the sale of securities. He pleaded guilty in 1982 to the securities violation and then fled to Mexico and Texas for 1½ years. He was eventually returned to Hennepin County for sentencing.

Because appellant had a criminal history score of 1 for a previous securities law violation involving a mining venture called Latamex, the presumptive sentence for this offense was 15 months stayed. The sentencing court held an evidentiary hearing in which the State produced five witnesses (three of whom were Indian Creek investors). Appellant and two other defense witnesses testified on appellant's behalf. The sentencing court sentenced appellant to a 30 month executed prison sentence. Appellant does not appeal the dispositional departure, only the durational departure.

## ISSUE

Does the record adequately support the sentencing court's durational departure?

## ANALYSIS

The trial court filed a departure report justifying its departure on the following grounds.

    a.  The securities violations constituted a major economic offense which involved multiple victims and multiple incidents with respect to those victims.

b. The aggregate monetary losses suffered by the victims was in excess of $50,000.00 which is substantially greater than the usual offense. In addition, these offenses were only a part of a larger scheme or plan in which victims suffered losses in excess of $500,000.00. Defendant received these funds and fraudulently used a large amount of them for his personal benefit.

c. The offenses occurred over a lengthy period of time in 1980 and 1981 and involved a high degree of sophistication and planning. As a part of the offenses, the victims received oral assurances and written contracts to include a contract entitled Royalty Agreement.

d. At the time of the offenses, many of the victims had known the defendants for long periods of time and had considered him trustworthy and a friend. The defendant used this trust and friendship to commit the offenses.

e. In 1982, defendant was convicted of a similar offense of Offer or Sale of Unregistered Securities.

Appellant initially contends that he did not commit a major economic offense. A major economic offense is an "illegal act or series of illegal acts committed by other than physical means and by concealment or guile to obtain money or property, to avoid payment or loss of money or property, or to obtain business or professional advantage." Minnesota Sentencing Guidelines II.D.2.b.(4). Appellant contends that it is error for a sentencing court to rely on disputed conduct when he has pleaded guilty. *State v. Womack*, 319 N.W.2d 17, 19 (Minn.1982). Appellant claims that he disputed the assumption that he violated securities law to obtain money, property or business/professional advantage, or to avoid payment or loss of money or property.

Appellant's assertion flies in the face of the record and of the language of the definition of major economic offense and cannot be taken seriously.

Appellant's next contention is that the record does not support the finding that there were two aggravating factors. Under the Minnesota Sentencing Guidelines the presence of two or more of the following circumstances are aggravating factors for a major economic offense:

(a) the offense involved multiple victims or multiple incidents per victim;

(b) the offense involved an attempted or actual monetary loss substantially greater than the usual offense or substantially greater than the minimum loss specified in the statutes;

(c) the offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;

(d) the defendant used his or her position or status to facilitate the commission of the offense, including positions of trust, confidence, or fiduciary relationships; or

(e) the defendant has been involved in other conduct similar to the current offense as evidenced by the findings of civil or administrative law proceedings or the imposition of professional sanctions.

Minnesota Sentencing Guidelines II.D. 2.b.(4).

Appellant concedes the violation involved multiple victims, satisfying subsection (a). The evidence also shows that the offense involved a high degree of sophistication or planning or occurred over a lengthy period of time, satisfying subsection (c). *See, State v. Finbraaten*, 363 N.W.2d 473 (Minn.Ct.App.1985). Appellant also violated his position of trust or status in using his personal friendship and social or business relationships to secure investors, satisfying subsection (d). *See Id.; State v. Hamer*, 341 N.W.2d 578 (Minn.Ct.App. 1983). We need not address whether other aggravating factors exist.

## DECISION

The record sufficiently establishes that the durational departure was justified because appellant committed a major economic offense and at least two aggravating factors exist.

Affirmed.