**STATE of Minnesota, Respondent,**

v.

**Rickey A. ALSTON, Appellant.**

**No. CO–86–240.**

Court of Appeals of Minnesota.

July 15, 1986.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

C. Paul Jones, Minn. State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and LANSING and HUSPENI, JJ.

## MEMORANDUM OPINION

LANSING, Judge.

Rickey Alston contends the trial court improperly based a departure from the Minnesota Sentencing Guidelines on conduct underlying an assault charge that was dismissed in exchange for Alston's plea of guilty to aggravated robbery. We affirm.

## FACTS

In August 1985 Rickey Alston was arrested and charged with aggravated robbery and second-degree assault in violation of Minn.Stat. §§ 609.245 and 609.222 (1984). On September 26, 1985, Alston entered a guilty plea to aggravated robbery. In exchange the State agreed to dismiss the assault charge and agreed not to move for a departure from the sentencing guidelines. In establishing the factual basis for the guilty plea, Alston gave few details and generally minimized the circumstances of the robbery. The trial judge specifically asked Alston whether he was aware the judge could depart from the guidelines on

his own motion, and Alston said he knew it was possible. The trial judge continued the hearing, saying he wanted to obtain the presentence investigation (PSI) report before making a sentencing decision.

After reading the PSI, the trial court notified the parties of his intent to depart from the guidelines. On November 5, 1985, a sentencing hearing was held, and the State called a number of witnesses. Tony Ridener testified that at about 2:00 a.m. on August 22, 1985, Alston and four others, all armed with guns, came to his door. Ridener was acquainted with Alston because Ridener had sold small quantities of marijuana to him on approximately three occasions. The robbers entered with guns drawn and ordered Ridener to lie on the floor. They went through the house and brought the other occupants, including Ridener's pregnant wife, a friend, and Ridener's mother-in-law, into the living room and ordered them to lie on the floor. One occupant escaped through a basement window and called the police. The robbers ransacked the house looking for jewelry, money, and video equipment. At one point, Alston went into the bedroom and came out carrying Ridener's nine-month-old daughter. He pointed his shotgun at her head and said "You better give me everything of value or I'm going to blow her away." Ridener said Alston started talking about "killing everybody," when the police arrived and arrested him. The other victims gave identical testimony. Alston denied pointing the gun at anyone other than Tony Ridener. He denied picking up the baby and threatening to kill her.[1]

The trial court sentenced Alston to 106 months in prison, double the presumptive guidelines sentence. The court filed a departure report stating that the invasion of the house in the middle of the night and subsequent terrorization of the occupants were aggravating factors that justified an upward durational departure from the sentencing guidelines.

[1.] The complaint named Tony Ridener as the victim of the aggravated robbery and named Janelle Ridener and her infant daughter as the victims of the assault.

**4**

## ANALYSIS

Alston contends the trial court improperly relied on conduct underlying the assault charge that was dismissed in exchange for his plea to aggravated robbery. The trial court relied on *State v. Winchell*, 363 N.W.2d 747 (Minn.1985). In *Winchell* the defendant pleaded guilty to aggravated robbery in exchange for dismissal of burglary, assault, and automobile theft charges. He minimized the seriousness of his conduct in entering his guilty plea. The trial court doubled the presumptive prison sentence on the basis of the overall course of conduct as detailed in the PSI.

The supreme court affirmed, reasoning it was fair to consider the overall course of conduct despite dismissal of the assault charge because the assault was simply a lesser charge that became superfluous once the defendant pleaded guilty to aggravated robbery. The court said:

> [A] defendant, by minimizing his guilt in his testimony at the time he pleads guilty, may not thereby bind the court to his version of the facts. Minn.R.Crim.P. 27.03 provides for presentence investigations and sentencing hearings. The presentence investigation report should contain a summary of the relevant facts. If the defendant disputes those facts, he is free to demand a sentencing hearing to resolve the factual dispute. The fact that a defendant attempts to plead not very guilty in pleading guilty ordinarily does not limit the trial court in its findings of fact at the subsequent sentencing hearing.

*Id.*, 363 N.W.2d at 749. The supreme court distinguished *State v. Womack*, 319 N.W.2d 17 (Minn.1982), on the basis that there it was unfair to consider the entire course of conduct because the defendant had pleaded guilty to a lesser charge rather than the more serious charge.

We find *Winchell* to be factually and legally indistinguishable. Although the prosecutor in *Winchell* reserved the right to move for a departure, whereas in this case the prosecutor agreed not to move for a departure, the record is clear that Alston knew the court could depart and would base its decision on the PSI. In addition, Alston argues that it is unfair to consider conduct underlying the assault charge because the complaint alleges a different victim. This is too fine a distinction. The trial court found as fact that Alston threatened the imminent use of force against Janelle Ridener and their daughter to overcome Tony Ridener's resistance. This constitutes an element of aggravated robbery. *See* Minn.Stat. §§ 609.24, 609.245 (1984). The trial court properly considered this conduct in sentencing Alston.[2]

Alston argues that the record does not support the trial court's reliance on the invasion of the victim's home as an aggravating factor to justify departure, because Tony Ridener forfeited any expectation of security by selling marijuana in his home. The trial court rejected the argument that Ridener forfeited all sense of security because of apparently isolated illegal activities. As in *Winchell*, the invasion of the home and subsequent terrorization of the occupants in the middle of the night shows that this offense was particularly serious. *See id.*, 363 N.W.2d at 750–51. The trial court did not abuse its discretion in departing upward.

### DECISION

Affirmed.

---

2. As a corollary, Alston contends the trial court did not have the authority under Minn.R. Crim.P. 27.03, subd. 1(D), to order a sentencing hearing on its own motion. The rule says that either *party* may request a sentencing hearing. In this case the trial judge ordered the hearing, over Alston's objection, instead of relying solely on the PSI. Alston's theory is that the judge should have been limited to the facts he admitted in pleading guilty. This theory, in the circumstances of this case, is incorrect. It was not error for the trial court to give Alston a chance to dispute the facts contained in the PSI.