**Thomas Raymond WARE, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C3–87–159.

Court of Appeals of Minnesota.

June 2, 1987.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael A. Fahey, Carver Co. Atty.,

Harvey Ginsberg, Asst. Co. Atty., Chaska, for respondent.

Considered and decided by POPOVICH, C.J., and STONE and MULALLY, JJ.,* with oral argument waived.

## MEMORANDUM OPINION

BRUCE G. STONE, Acting Judge.

### FACTS

Appellant Thomas Ware was convicted in 1979 of aggravated assault, Minn.Stat. § 609.225, subd. 1 (1978), for an assault against a 58–year-old woman and of criminal sexual conduct in the second degree, Minn.Stat. § 609.342, subd. 1(c) (1978), for his assault on the woman's 14–year-old granddaughter in a single behavioral incident. He received consecutive indeterminate sentences of 0 to 10 years and 0 to 30 years. The Minnesota Supreme Court affirmed his convictions and sentences on appeal. *State v. Ware*, 306 N.W.2d 879 (Minn.1981).

Appellant filed a petition for post-conviction relief in 1986 and the post-conviction court granted his request for resentencing under the Minnesota Sentencing Guidelines. The trial court resentenced appellant to consecutive terms of 226 months for the assault conviction and 42 months for the rape conviction. Subsequently, upon further request, the trial court reduced appellant's assault sentence from 226 to 120 months, but refused to reduce the 42–month sentence for rape. The latter sentence represented a departure from the presumptive 24–month sentence (based on a severity level VII offense and a criminal history score of 0). Appellant challenges the post-conviction court's denial of his request to reduce the 42–month sentence.

### DECISION

In resentencing appellant, the trial court cited the following factors as justifying an upward departure:

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

1. Appellant's acts were more serious than those typical for this offense.

2. Appellant struck the victim numerous times about the face and body using excessively violent force unnecessary to the accomplishment of the act.

3. The offense took place in the presence of the victim's grandmother and in the victim's own house.

The trial court's discretionary determination that substantial and compelling circumstances existed to justify the departure is supported by the record. The sentencing guidelines provide that a departure is allowed when "the individual case involves substantial and compelling circumstances." Minnesota Sentencing Guidelines II.D. The guidelines specifically state that when the victim is treated with particular cruelty this constitutes an aggravating factor justifying an upward departure. Minnesota Sentencing Guidelines II.D.2.b.(2). In addition, caselaw supports the departure. *See State v. Winchell,* 363 N.W.2d 747 (Minn. 1985); *State v. Cermak,* 344 N.W.2d 833 (Minn.1984); *State v. Cox,* 343 N.W.2d 641 (Minn.1984). We find no abuse of discretion.

Affirmed.