BARKETT, Justice,
concurring in part, dissenting in part.
I dissent from the recommendation requiring the scoring of victim injury for two reasons.
First, I agree that a sentencing judge should be permitted to consider the manner in which a crime was committed as well as the nature and extent of the harm inflicted. Particular crimes can be committed in disparate ways, leading to vastly different injuries. Aggravated battery, for example, can be slight or gratuitously cruel. The injuries inflicted can be trivial or heinous. Accordingly, I am sympathetic with the concerns expressed in Recommendation VI. However, these differences are extremely difficult to quantify. I thus would prefer that victim injury, when an element of any offense for which the defendant has been convicted or admitted guilt, not be scored at all but left to the discretion of the sentencing judge as an appropriate area of departure.
Second, I strongly disagree with the expression of an official policy in Recommendation VI that is the antithesis of due process. My specific objection is with the scoring of victim injury when it is not an element of a crime for which the defendant has either admitted guilt or been convicted. As the court said in State v. Womack, 319 N.W.2d 17, 19 (Minn.1982):
It is one thing for the sentencing court to look at the conduct underlying the offense to which the defendant pled guilty if the defendant admits that the underlying conduct occurred, but it is quite another thing when the defendant denies that such conduct occurred.
When there is evidence to support additional offenses resulting in victim injury, then the state’s due-process obligation is to charge and prove that crime beyond a reasonable doubt if the defendant denies the charges or raises potential affirmative defenses. The defendant has a right to a jury determination of guilt on such factual issues. Although the majority’s approach may be emotionally satisfying, I can see no logical reason to suspend the state’s obligation or the defendant’s right to a jury trial on the issue of guilt prior to enhanced punishment. This policy defies due process by subjecting defendants to punishment for unconvicted crimes.
Accordingly, I strongly dissent from Recommendation VI.