**STATE of Minnesota, Respondent,**

v.

**Tonya Renea LARKINS, Appellant.**

**No. C8–91–825.**

Court of Appeals of Minnesota.

Dec. 24, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Linda K. Jenny, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Lawrence W. Pry, Asst. Public Defender, St. Paul, for appellant.

Considered and decided by HUSPENI, P.J., and PETERSON and FOLEY,* JJ.

## OPINION

HUSPENI, Judge.

Appellant challenges the upward durational and dispositional departure of her sentence for second degree burglary, and alleges the trial court erred when it based its departure on appellant's guilty plea and on elements of a dismissed charge to which appellant did not admit. We vacate the sentence and remand for imposition of presumptive guidelines sentence.

## FACTS

On December 29, 1989, a fire broke out in an apartment building in Brooklyn Park, Minnesota. Appellant Tonya Renea Larkins and LeRoy Seigler Anderson were each charged with arson in the first degree and burglary in the second degree.

Appellant and the prosecuting attorney entered into a plea agreement, under the terms of which appellant would plead guilty to the charge of second degree burglary, the prosecutor would dismiss the charge of arson in the first degree, and the court would impose an executed sentence of 30 months. This 30–month executed sentence represented both a dispositional and a durational departure from the 18–month stayed sentence for second degree burglary under the guidelines for one, like appellant, who had a criminal history score of zero.

At appellant's April 3, 1990, guilty plea hearing, the trial court questioned her about the substance of her plea. Appellant

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

acknowledged that she and LeRoy Anderson entered the apartment without permission. Appellant affirmed that she had gone there for an illegal purpose. When asked what the illegal purpose was, appellant stated that her co-defendant "was going there to destroy [the victim's] clothing," and that she "was just with him." The court commented, "That's not good enough, ma'am."

In response to her counsel's questions, appellant then agreed that she gave Anderson a ride, knew that he was going to damage the apartment, and went into the apartment with him.

During subsequent questioning by the court, appellant agreed that there "was a fire set" that "did a lot of damage." Nothing further was asked or answered about the cause of the fire. When the court asked appellant whether she had any reason not to agree with police reports that the fire had caused $175,000–$200,000 worth of damage and forced the evacuation of many tenants, appellant said that she did not.

The court told appellant that her plea would result in a 30–month executed sentence, and could not later be withdrawn. Appellant said that she understood.

At her sentencing hearing on May 30, 1990, appellant sought to withdraw her guilty plea on the grounds that she believed she could find witnesses to testify on her behalf. The court denied her request, noting that it would be willing to reconsider if appellant could subsequently present affidavits of witnesses prepared to testify on appellant's behalf. Appellant never did so.

The court sentenced appellant to an executed 30 months, noting that

> the grounds for the departure are the plea negotiation * * *. This Court, if it were not part of the plea negotiation, might have seriously considered making this a 24–month commitment.

Appellant began serving her sentence at the Minnesota Correctional Institution in Shakopee on June 6, 1990.

■ On February 8, 1991, the trial court heard appellant's motion to modify her sentence on the ground that the written reasons for departure were inadequate. It denied the motion, and in a memorandum incorporated into its order the trial court acknowledged that under *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981), a departure cannot be based solely upon a plea agreement.[1] However, it noted that under *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985), a departure can be affirmed if sufficient evidence exists in the record.

The trial court then enumerated the following "substantial and compelling circumstances" for departure: 1) appellant admitted that she drove her co-defendant to the apartment knowing that he intended to damage it; 2) appellant "acknowledged" that the damage was $175,000–$200,000; and 3) the fire "forced all residents of the apartment complex out of their homes." The trial court also stated that appellant should not get more than "the benefit of her bargain" under the plea agreement.

### ISSUES

1. Did the trial court abuse its discretion in refusing to allow withdrawal of appellant's guilty plea at the sentencing hearing?

2. Was the trial court's finding of "substantial and compelling circumstances" permissible where its findings were partly based on elements of the charge which was dropped?

3. Was the trial court's departure from the presumptive sentence on the grounds of "substantial and compelling circumstances" justified by its findings?

### ANALYSIS

#### I.

■ It is well established that sentencing is within the province of the trial court.

---

**1.** Only once has this court permitted remand for findings where an upward departure was based solely on a plea agreement. *State v. Pieri,* 461 N.W.2d 398, 401 (Minn.App.1990), *pet. for rev. denied* (Minn. July 24, 1991). However, even if remand for findings were the general rule, it would be inappropriate to do so where, as here, the trial court has already reviewed its own decision and conducted its own *Williams*-type analysis.

*State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981). This principle avails whether conviction is the result of a jury trial, trial to the court, or rests upon a plea of guilty.[2] However, when the prosecution and defense have concluded a valid plea agreement, certain additional factors must be considered by the trial court. Minn. R.Crim.P. 15.04 provides in part:

> Subd. 1. * * * [T]he prosecuting attorney * * * shall engage in plea discussions and reach a plea agreement with the defendant only through defense counsel.

> Subd. 2. * * * Defense counsel shall conclude a plea agreement only with the consent of the defendant and shall ensure that the decision to enter a plea of guilty is ultimately made by the defendant.

> Subd. 3. * * * (1) * * * If a plea agreement has been reached which contemplates entry of a plea of guilty, the trial court judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. When such plea is tendered and the defendant questioned, the trial court judge shall reject or accept the plea of guilty on the terms of the plea agreement. * * * If the court rejects the plea agreement, it shall so advise the parties in open court and then call upon the defendant to either affirm or withdraw the plea.

Here the trial court accepted the plea agreement and imposed a sentence according to its terms. Therefore, the requirements of rule 15.04 were met. However, our inquiry cannot end there. Minn. R.Crim.P. 15.05 provides:

> Subd. 1. * * * The court shall allow a defendant to withdraw a plea of guilty upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice. Such a motion is not barred solely because it is made after sentence.

> Subd. 2. * * * In its discretion the court may also allow the defendant to withdraw a plea at any time before sentence if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

The trial court's decision whether to allow withdrawal of a guilty plea is reviewed under an abuse of discretion standard. *Kim v. State*, 434 N.W.2d 263, 266 (Minn.1989). Here the trial court did not abuse its discretion in denying appellant's request to withdraw her guilty plea at the sentencing hearing. Appellant did not have an absolute right to withdraw her plea, since the trial court accepted the plea agreement entered into by the prosecutor, defense counsel and defendant. Nor did appellant present evidence to support her allegation that she had found witnesses favorable to her who would be willing to testify at trial. In fact, the trial court expressly stated that it would be willing to reconsider plea withdrawal if appellant presented affidavits from these putative witnesses. Appellant produced none.

Once more, however, we cannot conclude our inquiry. We turn now to the merit of appellant's February 1991 motion alleging that the trial court's written reasons for departing from the sentencing guidelines were inadequate. Commendably, in its memorandum incorporated into the February 13, 1991 order, the trial court itself recognized that departure based solely on the plea agreement was impermissible under *Garcia*, 302 N.W.2d at 647. We agree with the trial court's decision in this respect, and emphasize again the clear mandate of *Garcia* that even if a sentencing departure is agreed to in a plea bargain, a defendant cannot waive the requirement that the trial court must set out proper reasons for the departure on the record. *Id.* at 647.

**2.** *State v. Hysell,* 449 N.W.2d 741, 745 (Minn. App.1990) (jury), *pet. for rev. denied* (Minn. Mar. 15, 1990); *State v. Strommen,* 411 N.W.2d 540, 543 (Minn.App.1987) (bench trial), *pet. for rev. denied* (Minn. Oct. 28, 1987); *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981) (guilty plea).

After recognizing that *Garcia* prevented it from imposing a sentence which departed from the guidelines solely on the basis of a plea agreement, the trial court proceeded to examine the record to determine whether the rationale set forth in *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985), might be met in this case. In *Williams* the Supreme Court stated that if "the reasons given [by the trial court in departing from the guidelines sentence] are inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed." *Id.* The trial court concluded that:

> The record herein reveals substantial and compelling circumstances to support this Court's departure. First, at the time of the guilty plea, defendant admitted on the record that she drove the co-defendant to the scene of the crime, knowing that he intended criminally to damage the apartment. * * * She further acknowledged that the resulting damage to the apartment was between $175,000 and $200,000. * * * Therefore, defendant admitted facts establishing that the offense for which she was convicted, was more serious than the "typical" second degree burglary. Not only did it involve extensive monetary loss, but it forced all residents of the apartment complex out of their homes. * * * Since defendant admitted evidence of culpability on the record, those facts are not "unadjudicated conduct." Although she was not convicted of arson, her admissions justify this Court's departure.

> This Court is most concerned that by modifying defendant's sentence, she will get more than the benefit of her bargain in the plea agreement. * * * The reasons stated in the factual basis, coupled with the negotiated plea agreement and the State's agreement to drop the offense calling for a commitment (arson) so that defendant would receive one criminal history point rather than two, for this incident, constitute sufficient and compelling grounds on the record to support this Court's dispositional and durational departure.

## II.

We conclude that the bases for departure set forth by the trial court cannot be sustained.

First, when the trial court departs from a presumptive sentence, it must

> provide written reasons which specify the substantial and compelling nature of the circumstances, and which demonstrate why the sentence selected in the departure is more appropriate, reasonable, or equitable than the presumptive sentence.

Minn.Sent.Guidelines, II.D.

Where the trial court departs in both duration and disposition, he "has made two separate departure decisions, each requiring written reasons." Minn.Sent.Guidelines, Comment II.D.02. The guidelines also note that "departures from the guidelines should not be permitted for elements of alleged offender behavior not within the definition of the offense of conviction." Minn.Sent.Guidelines, Comment II.D.103.

The sentencing court may upwardly depart durationally from the presumptive sentence when "the conduct underlying the offense was particularly serious and represented a greater than normal danger to the safety of other people." *State, County of Hennepin v. McClay*, 310 N.W.2d 683, 685 (Minn.1981). The court may not

> consider evidence that points to the defendant's guilt of some other offense but that does not support the conclusion that the defendant committed the offense in question in a particularly serious way.

*State v. Broten*, 343 N.W.2d 38, 41 (Minn. 1984).

A sentencing court may not use elements of a dropped charge as aggravating factors unless the defendant admitted to that conduct. *State v. Womack*, 319 N.W.2d 17, 19 (Minn.1982). The *Womack* court based its holding on principles of fundamental fairness:

> Defendant had a right to have a jury determine his guilt or innocence of that charge. He gave up that right only on condition that the charge would be dismissed in exchange for his guilty plea [to

another charge]. It is one thing for the sentencing court to look at the conduct underlying the offense to which the defendant pled guilty if the defendant admits that the underlying conduct occurred, but it is quite another thing when the defendant denies that such conduct occurred.

*Id.* at 19.

The record does not show that appellant admitted setting a fire. The sentencing memorandum, which states only that appellant "acknowledged" the damage to the building, does not allege that she set the fire. At her guilty plea hearing, appellant went no further than to agree that "there was a fire set."

■ The trial court, after recognizing that it could not sustain its sentencing departure on the basis of the plea agreement, in effect conducted the type of review of the record which was approved in *Williams.* However, we conclude that the grounds stated by the trial court are insufficient to sustain a durational departure. The court stated as a first basis for departure that "defendant admitted on the record that she drove the co-defendant to the scene of the crime, knowing that he intended to criminally damage the apartment." This admission does not describe a seriousness uncommon to second-degree burglary. In fact, nothing in appellant's statement goes beyond the very elements of second-degree burglary. *See* Minn.Stat. § 609.582, subd. 2 (1990).

■ The court stated as its second basis for departure that "[appellant] further acknowledged that the resulting damage to the apartment was between $175,000 and $200,000." This statement is irrelevant to establishing "substantial and compelling circumstances." Minn.Sent.Guidelines, II.D. Appellant did not state on the record that she caused the fire; she only agreed in the sentencing hearing that she had no reason to disbelieve the police damage reports. Nothing in her guilty plea testimony implicated her in the arson offense.

■ The trial court's third stated reason for departure was that appellant said she had no reason to disbelieve the reports that many tenants had to be evacuated from the building. This was also not an appropriate reason for an upward departure where the evidence did not establish a connection between the hardship to tenants and appellant's conduct.

■ We note further that the trial court's expressed concern in its February 13 memorandum that modification of appellant's sentence would result in her getting "more than the benefit of her bargain in the plea agreement" is a particularly inappropriate ground for departure in view of the mandate of *Garcia,* and in view of the trial court's own recognition that "[c]ase law consistently holds that a departure based solely upon a plea agreement is insufficient, and will not be allowed."

III.

■ Finally, the trial court failed to give any reason for its dispositional departure as required by the guidelines. *State v. Park,* 305 N.W.2d 775, 776 (Minn.1981) (compelling circumstances also required for dispositional departure). Because the presumptive sentence for second degree burglary is a stayed one, when a defendant has no previous criminal history score, the trial court was required to set forth separate reasons supporting its decision to execute appellant's sentence. Neither departure can be affirmed where no colorably permissible reasons were stated at the time of sentencing, and where the later-presented reasons and other evidence in the record are insufficient to support either departure.

DECISION

The trial court abused its discretion when it imposed an upward durational and dispositional departure from the presumptive sentence without making the findings required by *Williams* and subsequent cases. It further abused its discretion in refusing to modify appellant's sentence despite insufficient evidence of "substantial and compelling circumstances" which would support the departure. We vacate the sentence and direct the trial court upon re-

mand to impose the presumptive guidelines sentence.

Sentence vacated and remanded.