STATE of Minnesota, Respondent,

v.

Michael Howard BALE, Appellant.

No. C2-92-894.

Court of Appeals of Minnesota.

Nov. 24, 1992.

Review Denied Jan. 28, 1993.

Hubert H. Humphrey, III, Atty. Gen., St. Paul and Raymond F. Schmitz, Olmsted County Atty., Rochester, for respondent.

John M. Stuart, State Public Defender and Evan W. Jones, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and HUSPENI and NORTON, JJ.

NORTON, Judge.

## OPINION

Michael Howard Bale appeals from his sentence of 288 months, arguing that the record contains insufficient findings to support a departure under the patterned sex offender statute, Minn.Stat. § 609.1352 (1990). We affirm.

## FACTS

Michael Howard Bale pleaded guilty to two counts of criminal sexual conduct in the third degree. Minn.Stat. § 609.344 (1990). Appellant did not challenge the underlying facts of one of the crimes, but did claim some justification for the other crime. Nevertheless, at the plea hearing, he admitted to the basic elements of each crime.

Two pre-sentence reports were prepared for use by the judge in sentencing. The first was a standard pre-sentence investigation report (PSI) prepared by a county corrections worker. The second report was prepared by the St. Peter Regional Treatment Center at the Minnesota Security Hospital. Both reports described appellant's family history and childhood sexual development, and detailed the circumstances of the present offenses.

At the sentencing hearing, both parties' attorneys hotly disputed the value of the reports. The state's attorney emphasized the aggravating factors in the reports, while the defense attorney emphasized "inconsistencies and falsehoods" contained in the reports, particularly complaining that appellant disagreed with the reports' description of one of the crimes. The trial court made the following oral decision:

> I recognize, as defense counsel has pointed out, there are some inconsistencies and some errors, frankly, in the reports from St. Peter. But I think on balance the evidence is sufficient to find that this defendant has committed an offense which is part of a predatory pattern of behavior with criminal sexual conduct as its goal and that this offender is a danger to the public safety. That danger to public safety is based upon my finding that the defendant has previously committed a predatory crime, we have in the records offenses in 1978 and '81. And I find that this offender is one whose behavior is so ingrained that the risk of reoffending is great without intensive psychotherapeutic intervention or long-term controls.

No written findings were made.

Under the sentencing guidelines, appellant's presumptive sentence was 136 months executed. The trial court invoked the patterned sex offender statute, Minn. Stat. § 609.1352 (1990), in order to more than double appellant's sentence to 288 months.

## ISSUES

I. Was the trial court's stating on the record that each of the Minn.Stat. § 609.-1352 statutory factors existed sufficient to satisfy the sentencing guidelines' requirement of written findings?

II. Were the trial court's findings improperly based on disputed and inaccurate facts?

## ANALYSIS

### I. Necessity of written findings.

■ While a judge has "broad discretion" in deciding upon a sentence, *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981), a judge's power to depart from the presumptive sentence is not unfettered. Prior to the enactment of the patterned sex offender act, Minn.Stat. § 609.1352, a judge had to follow the dictates of the Minnesota Sentencing Guidelines, including citing sufficient justifications for any departure.

■ While the guidelines and its statutory authority require a written report, *Williams v. State*, 361 N.W.2d 840 (Minn. 1985), implies that reading the judge's reasons from the record satisfies the requirement of "written reasons." No case has been reversed or remanded strictly for the failure to provide written reasons when oral reasons are stated in open court on the record.

The patterned sex offender statute, previously referred to, is a recent amendment of legislative modification of the guidelines which provides:

**Subd. 1. Sentencing authority.** A court may sentence a person to a term of imprisonment of not less than double the presumptive sentence under the sentencing guidelines and not more than the statutory maximum, or if the statutory maximum is less than double the presumptive sentence, to a term of imprisonment equal to the statutory maximum, if:

(1) the court is imposing an executed sentence [for a predatory crime] * * * if it reasonably appears to the court that the crime was motivated by the offender's sexual impulses or was part of a predatory pattern of behavior that had criminal sexual conduct as its goal;

(2) the court finds that the offender is a danger to public safety; and

(3) the court finds that the offender needs long-term treatment or supervision beyond the presumptive term of imprisonment and supervised release. The finding must be based on a professional assessment by an examiner experienced in evaluating sex offenders that concludes that the offender is a patterned sex offender. The assessment must contain the facts upon which the conclusion is based, with reference to the offense history of the offender or the severity of the current offense, the social history of the offender, and the results of an examination of the offender's mental status. The conclusion may not be based on testing alone. A patterned sex offender is one whose criminal sexual behavior is so ingrained that the risk of reoffending is great without intensive psychotherapeutic intervention or other long-term controls.

\* \* \* \* \* \*

**Subd. 3. Danger to public safety.** The court shall base its finding that the offender is a danger to public safety on either of the following factors:

(1) the crime involved an aggravating factor that would justify a durational departure from the presumptive sentence under the sentencing guidelines; or

(2) the offender previously committed or attempted to commit a predatory crime
\* \* \*.

**Subd. 4. Departure from guidelines.** A sentence imposed under subdivision 1 is a departure from the sentencing guidelines.

\* \* \* \* \* \*

A comment to the Guidelines provides that when applying this statute, "a judge must provide written reasons which specify the substantial and compelling nature of the circumstances." Minn.Sent.Guidelines, cmt. II.D.204. Neither the statute nor the Guidelines comment have ever been construed by an appellate court.

The state argues that because the legislature requires the trial court to find a specific set of facts before applying Minn. Stat. § 609.1352, the legislature intended

that the statute supplant the normal departure process. We are not persuaded by this argument. By explicitly stating that a sentence under Minn.Stat. § 609.1352 constitutes a "departure," the legislature certainly contemplated interaction between the new statute and the guidelines. *Id.* at subd. 4. The Guidelines Commission itself adopted a comment that requires judges to make written findings, thereby providing its interpretation of the interrelationship.

■ In a normal departure case, the purpose of stated reasons for departure is to inform the defendant why the departure is being made. The failure of the judge to succinctly state the reasons for departure deprives the defendant of knowing that the reasons used to enhance the sentence were legitimate.

■ In a case under Minn.Stat. § 609.-1352, however, the reasons are necessarily legitimate because the precise aggravating factors are listed in the statute. To satisfy both Minn.Stat. § 609.1352 and the Guidelines, therefore, requires only that the trial court explicitly state on the record that it makes each of the required findings. In the present case the trial court did make those findings on the record.

## II. Trial court's findings allegedly based on disputed and inaccurate facts.

Appellant argues that the trial court relied on contested facts and uncharged offenses as a basis for its findings in violation of *State v. Womack*, 319 N.W.2d 17 (Minn.1982). Womack was accused of striking his girlfriend with a loaded handgun. He was charged with assault with a deadly weapon and possession of a pistol by a felon. Claiming self-defense on the assault charge, he nevertheless agreed to plead guilty to the possession charge in exchange for dismissal of the assault charge. In sentencing, the trial court departed from the presumptive sentence on a factual finding that defendant had committed assault which warranted a departure. The Minnesota Supreme Court held that because the facts of the assault were in dispute due to the self-defense claim, the defendant was essentially being sentenced for crimes for which he had not been convicted. *Id.* at 19.

*Womack* is distinguishable from this case. First, Womack's sentence was enhanced by the facts of a crime for which he was not convicted. Here, appellant's sentence is enhanced, not for crimes he claims not to have committed, but rather for the facts of crimes he admitted committing. Secondly, the trial court findings could be justified by the record without reference to contested facts. Finally, because the statute requires the court to rely on reports and assessments that necessarily will contain contested facts, the 1982 decision in *Womack* cannot be considered applicable to cases brought under the 1989 statute.

### DECISION

By stating on the record that the statutory factors listed in Minn.Stat. § 609.1352 were found to exist, the trial court properly sentenced appellant under that statute. Further, those findings were not based on uncharged offenses.

Affirmed.