*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0234**

State of Minnesota,
Respondent,

vs.

DeAngelo Cortez Ransom,
Appellant.

**Filed January 5, 2026
Affirmed
Florey, Judge[*]**

Clay County District Court
File No. 14-CR-23-2888

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Caitlin Rose Hurlock, Assistant County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Adam Lozeau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Harris, Judge; and Florey, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**FLOREY**, Judge

In this sentencing appeal following a guilty plea to first-degree controlled-substance sale, appellant DeAngelo Cortez Ransom argues that the district court improperly based its sentencing decision on allegations involving dismissed charges or uncharged acts. Because Ransom fails to demonstrate error in the district court's sentencing decision, we affirm.

**FACTS**

In summer 2023, law enforcement received a tip from a confidential informant that Ransom was selling pills likely containing fentanyl. Following a controlled purchase, law enforcement obtained and executed a search warrant of Ransom's residence. Law enforcement recovered at least 200 pills containing fentanyl and, according to the allegations in the complaint, two firearms.

Respondent State of Minnesota charged Ransom with one count of first-degree controlled-substance sale in violation of Minn. Stat. § 152.021, subd. 1(5) (Supp. 2023), and two counts of unlawful possession of a firearm in violation of Minn. Stat. § 609.165, subd. 1b(a) (2022).

Pursuant to a plea agreement, Ransom pleaded guilty to the drug offense. In exchange, the state (1) dismissed the two firearm counts, (2) agreed to dismiss a separate file, (3) agreed not to charge Ransom for the controlled purchase that led to the search warrant, and (4) agreed that Ransom would be free to move for a downward sentencing departure and that it would cap its sentencing request at a middle-of-the-box sentence under

the Minnesota Sentencing Guidelines. Ransom additionally agreed to pay restitution in the dismissed file. The district court accepted Ransom's plea.

Prior to sentencing, Ransom moved for a downward dispositional departure or, in the alternative, a downward durational departure. The state opposed the departure requests. At the sentencing hearing, the parties made arguments regarding sentencing. The district court denied Ransom's motion, dismissed the firearm counts and the other file, and imposed an executed sentence of 64 months in prison, a duration at the lower end of the presumptive sentencing range of the Minnesota Sentencing Guidelines. Minn. Sent'g Guidelines 4.C (2023).

In denying Ransom's motion, the district court made several statements referencing dismissed charges or uncharged conduct. Notably, the district court stated, "[y]ou had two guns, which nobody's ever mentioned," "[w]e're also not talking about . . . this other file," and "we're also not talking about the fact that you're not being charged for the actual undercover buy that was done on you that led to the search warrant." The district court added, "[s]o, I'm taking all that into consideration." It concluded by stating that, "[b]ut given what I said about these other cases, . . . the guns that are being dismissed, the other buy that's not being charged out, I cannot, in good faith, grant the departure motion and give you a small amount of jail time, okay?"

Ransom appeals.

## DECISION

Ransom argues that the district court abused its discretion by denying his departure motion and imposing an executed sentence by basing its sentencing decision on dismissed charges or uncharged conduct.

Appellate courts review a district court's denial of a downward departure motion for an abuse of discretion. *State v. Beganovic*, 974 N.W.2d 278, 286 (Minn. App. 2022), *aff'd*, 991 N.W.2d 638 (Minn. 2023). A district court abuses its discretion by misapplying the law. *State v. Hoskins*, 943 N.W.2d 203, 211 (Minn. App. 2020). Appellate courts "generally will not interfere with a sentencing court's decision to impose a term within the presumptive sentence range." *State v. Kangbateh*, 868 N.W.2d 10, 14 (Minn. 2015); *see also State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981) (explaining that "it would be a rare case which would warrant reversal of [a] refusal to depart").

In arguing that the district court erred by considering uncharged conduct or dismissed charges in its sentencing decision, Ransom relies on *State v. Womack*, 319 N.W.2d 17, 18 (Minn. 1982). In *Womack*, the defendant was charged with unlawful possession of a firearm and assault with a dangerous weapon. 319 N.W.2d at 18. The defendant pleaded guilty to the possession charge in exchange for dismissal of the assault charge. *Id.* In imposing an upward durational departure, the district court referenced the dismissed assault charge, stating that "he fired the firearm which he had in his possession and he fired it in a manner in which I don't believe he was demonstrating self-defense." *Id.* at 18-19. The supreme court held that it was error for the district court "to rely on the overall course of conduct as justification for aggravating [the] defendant's sentence for the

4

possession charge" and accordingly determined that the aggravated sentence was improper. *Id.* at 19.

Ransom relies on several other cases in arguing that the district court erred by considering dismissed charges or uncharged conduct in imposing the presumptive sentence: *State v. Lubitz*, 472 N.W.2d 131, 133 (Minn. 1991) (explaining that the defendant, by pleading guilty in exchange for dismissal of a sexual conduct charge, "removed the fact issue of whether he penetrated complainant when she was unconscious, something defendant consistently denied," and "[s]entencing him as if the penetration was as alleged by complainant deprived him of the benefit of his plea bargain"); *State v. Larkins*, 479 N.W.2d 69, 74 (Minn. 1991) ("A sentencing court may not use elements of a dropped charge as aggravating factors unless the defendant admitted to that conduct."); *State v. Arnold*, 514 N.W.2d 801, 801-02 (Minn. 1994) (explaining that it was error to consider conduct underlying a dismissed charge in imposing an upward durational departure); and *State v. Misquadace*, 644 N.W.2d 65, 71 (Minn. 2022) ("[T]he grounds for departure must reflect whether the offense is any more or less serious than the typical offense of conviction, mindful that any uncharged or dismissed offenses are not to be considered . . . .").

These cases are distinguishable because they involve impositions of upward departures or a sentence based on the severity level of a dismissed charge rather than, as is the situation here, sentences within the presumptive guidelines range. *See Lubitz*, 472 N.W.2d at 132; *Larkins*, 479 N.W.2d at 75; *Arnold*, 514 N.W.2d at 801; *Misquadace*, 644 N.W.2d at 67. And we have previously declined to extend *Womack* and its progeny to

impositions of guidelines sentences. In *State v. Middleton*, we explained that *Womack* did not apply "because the district court did not impose an upward durational departure." No. A21-1291, 2022 WL 3349044, at *3 (Minn. App. Aug. 15, 2022), *rev. denied* (Minn. Oct. 26, 2022). We added that, therefore, "the applicable caselaw is the well-developed caselaw . . . that an appellate court generally will not interfere with a sentencing court's decision to impose a term within the presumptive sentence range." *Id.* (quotation omitted). We adopted the same reasoning in *State v. Heard*, No. A23-0898, 2024 WL 4199022, at *3 (Minn. App. Sept. 26, 2024), *rev. denied* (Minn. Dec. 17, 2024).

Although nonprecedential, we are persuaded by the reasoning in *Middleton* and *Heard*.[1] Like in *Middleton* and *Heard*, the district court imposed a guidelines sentence in sentencing Ransom to 64 months in prison. *See* Minn. Sent'g Guidelines 4.C (2023). We additionally note that *State v. Brusven*, upon which Ransom additionally relies, also involved the denial of a downward departure motion. 327 N.W.2d 591, 592 (Minn. 1982). Although it was error to rely on conduct underlying dismissed charges in imposing an upward durational departure, the supreme court merely ordered that the district court impose the maximum guidelines sentence without remanding with instructions to reconsider Brusven's departure motion. *Id.* at 592-94.

Ransom, as the party seeking reversal, bears the burden of establishing error in the district court's sentencing decision. *State v. Bellazan*, 18 N.W.3d 385, 402 (Minn. App. 2025), *rev. denied* (Minn. May 28, 2025). Because Ransom failed to establish error in the

---

[1] These decisions are cited for their persuasive value. *See* Minn. R. Civ. App. P. 136.01, subd. 1(c).

6

district court's consideration of uncharged conduct in imposing a guidelines sentence, we affirm.

**Affirmed.**